Grover Roy SANDERS, Plaintiff in Error,

v.

STATE of Oklahoma, Defendant In Error.

No. A–12775.

Court of Criminal Appeals of Oklahoma.

May 11, 1960.

John L. Ward Jr., Tulsa, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

BRETT, Judge.

This is an appeal by Grover Roy Sanders, plaintiff in error, defendant below. He is charged by an information filed in the Court of Common Pleas in Tulsa County, Oklahoma, with the offense of unlawful possession of intoxicating liquor as follows, to wit:

"*Four–Fiths* Quart Bottles: 7 Gilmore, 8 Gilbeys, 7 Old Crow, 7 Canadian Club, 10 Jim Beam, 13 Private Cellar, 11 Ancient Italian Swiss Colony California Port; One-Pint Bottles: 1 Old Grandad, 2 Seagrams V.O., 10 Glenmore, 9 Gilbeys, 14 Jim Beam, 7 Private Cellar, 10 Ancient Age, 1 Old Quaker, 2 Old Forrester; One-Half Pint Bottles: 4 Old Grandad, 6 Hill and Hill, 8 Old Quaker, 22 Glenmore, 4 Gilbeys, 30 Old Crow, 24 Jim Beam, 31 Private Cellar, 16 Ancient Age, 38 Smirnoff's Vodka, 11 Canadian Club, 4 Old Forrester * * *",

for possession of liquors in violation of the prohibition laws in effect on the date of the alleged offence, Dec. 30, 1958. The jury was waived and the case tried by said Court. The defendant was found guilty upon the evidence. Judgment and sentence was entered fixing his punishment at 30 days in the county jail and a fine of $100. From said judgment and sentence this appeal has been perfected.

The defendant admitted by stipulation that the whiskey belonged to him. The record discloses that the premises searched and upon which the liquor was seized was the property occupied by one Tom Lambert. The defendant asserts by motion to suppress the evidence, the invalidity of the

search warrant and the search under which the liquor was discovered and the seizure made.

 It is not necessary that we consider the other asserted reasons for the invalidity of the search warrant and the seizure made thereunder, since this record discloses that the defendant was in no position to 'rely thereon, he not being an occupant or owner of the premises searched. This Court has repeatedly held:

"We consider this assignment of error as untenable for the reason that if the whiskey was not found on the premises of the defendant described in the warrant, she may not complain of the search of * * * said premises. This court has held in many cases that the constitutional provision guaranteeing one immunity from unlawful search and seizure is personal to the owner or occupant of the premises involved; and one accused of crime may not object that a search is unlawful where the accused does not contend that he has possession of the property or premises searched. Freeman v. State, 72 Okl.Cr. 137, 113 P.2d 843; Love v. State, 83 Okl.Cr. 403, 177 P.2d 846; Hood v. State, 90 Okl. Cr. 340, 213 P.2d 883; Kizer v. State, Okl.Cr., 249 P.2d 132." Skaggs v. State, Okl.Cr., 275 P.2d 1018, 1019. Also see Treadway v. State, Okl.Cr., 346 P.2d 189, and Treadway v. State, 338 P.2d 360.

 The defendant herein made no attempt to refute the testimony of Tom Lambert and offered no testimony in his own behalf relative to the ownership or possession of the premises. In the face of this record and his admission that the whiskey belonged to him, we can reach no other conclusion than this conviction must be sustained and the same is accordingly affirmed.

POWELL, P. J., and NIX, J., concurring.