Robert Gene **KEENY**, Appellant,

v.

Harold R. **SWENSON**, Warden,
Appellee.

No. 71–1578.

United States Court of Appeals,
Eighth Circuit.

April 20, 1972.

Thomas O. Baker and Leonard Singer, Kansas City, Mo., for appellant.

John C. Danforth, Atty. Gen., and Kenneth M. Romines, Asst. Atty. Gen., Jefferson City, Mo., for appellee.

Before VAN OOSTERHOUT, Senior Circuit Judge, and MEHAFFY and STEPHENSON, Circuit Judges.

PER CURIAM.

Robert Gene Keeny, a prisoner in the Missouri State Penitentiary, appeals from a denial of his petition for a writ of habeas corpus by an unreported decision of the United States District Court for the Western District of Missouri, The Honorable John W. Oliver presiding. In the proceeding below petitioner attacked the constitutional validity of his twenty-five year sentence for robbery in the first degree. A certificate of probable cause was granted by the district court and petitioner asserts before us that the district court erred in not finding that (1) petitioner was denied his constitutional right to a speedy trial, (2) a pistol admitted in evidence against him was the fruit of an illegal search and seizure, (3) petitioner did not have a fair trial by an impartial jury, and (4) petitioner's sentence was erroneously imposed. We affirm.

The facts of this case that are pertinent to this appeal are fully set out in State v. Keeny, 431 S.W.2d 95 (Mo. 1968), and Keeny v. State, 461 S.W.2d 731 (Mo.1971), where these same issues were decided by the state courts. Consequently we will set out only a brief summary.

A gasoline service station robbery occurred on July 22, 1965 in Butler, Missouri. The Butler police were immediately notified and minutes after the robbery the station attendant gave an officer a description of the automobile that the robber used. He described the automobile as a black convertible with a white top. He stated that the automobile had two round tail lights and the number "3" on the license plate. The officer proceeded to look for the automobile and noticed an automobile that fit the description approximately eight and one-quarter miles from Butler, Missouri. He stopped the car approximately ten and one-half miles from Butler, ordered the occupants out and, while searching the car, located a hand gun under the driver's seat. Petitioner and another man, the two occupants of the automobile, were arrested.

Petitioner seems to rely particularly on several facts that took place after arrest. He points out that on October 11, 1965 an information was filed charging petitioner with robbery in the first degree by means of a dangerous and deadly weapon. On December 1, 1965 the State was granted leave to file an amended information within ten days. The amended information was filed on February 3, 1966 and added a count under Missouri's habitual criminal act. On February 26, 1966 a motion by petitioner to disqualify the trial judge was granted. Thereafter a special judge was appointed and trial was had on November 22, 1966.

Petitioner urges that the sixteen-month delay between arrest and trial shows a denial of the right to speedy trial, arguing that there was no waiver and that the delay was not attributable to him. He urges that the delay without counsel between arrest on July 22, 1965 and formal charge on October 11, 1965 prevented him from utilizing V.A.M.S. § 545.850 which provides for a special term of court. He further urges that both the delay between arrest and formal charges and the delay between December 1, 1965, the date on which permission was granted to the State to file an amended information, and the filing of the amended information on February 3, 1966, deprived him of his right to trial before the end of the third term of court as required by V.A.M.S. §

545.920.[1] Petitioner asserts these arguments in support of his Sixth Amendment right to speedy trial and not in a state law context. He recognized that the delay periods coincide with terms of court in Bates County, Missouri, but "argues that the actions of the State in delaying filing the Information and Amended Information against Petitioner until the commencement of certain terms of court in violation of these Missouri statutes [V.A.M.S. §§ 545.850 and 545.890] and also delaying action in contravention of specific court orders demonstrates the State's 'intent and purpose to delay the trial. . . .'"

We note, in examining these delay periods, that between the date of the arrest and the formal charge a transcript from a Magistrate Court preliminary hearing was filed in the Bates County Circuit Court on August 11, 1965; that after the information was filed counsel was appointed in October, 1965; that on October 21, 1965 petitioner filed a motion to quash the information; that the motion to quash was argued on November 5, 1965, taken under advisement and overruled on December 1, 1965; that after the amended information was filed petitioner, on February 7, 1966, filed a motion to quash the amended information and was arraigned and the case set for trial on February 26, 1966; that on approximately February 19, 1966 petitioner filed a motion to disqualify the trial judge; that on February 26, 1966 the motion to disqualify was granted; and that on April 1, 1966 a special judge was appointed. Apparently because of a crowded calendar, the special judge could not set the case for trial until November 22, 1966. On November 22, 1966 the case came to trial and petitioner filed a motion to dismiss and quash the information for failure to grant a speedy trial, which motion was overruled.[2]

■ We find this case controlled by Hodges v. United States, 408 F.2d 543 (8th Cir. 1969), and accordingly hold that the sixteen-month delay does not of itself demonstrate a violation of the Sixth Amendment's guarantee of a speedy trial. With regard to the first safeguard of the guarantee, "to prevent undue and oppressive incarceration prior to trial," Hodges v. United States, *supra*, at 549, we find that the delay was occasioned in part by petitioner's motions and in part by the terms of court and the court calendar, but hold that there was no undue and oppressive incarceration such as to entitle petitioner to the relief he seeks. "[T]he lack of any positive move for relief on the part of defense, and the absence of any showing of oppression, other than that inherent in imprisonment, are pertinent and persuasive factors." Hodges v. United States, *supra*, at 550.

The second safeguard, as set out in *Hodges, supra*, at 550, "to minimize anxiety and concern accompanying public accusation" is without substance in the context of this case. The facts of this case also reveal nothing of merit with regard to the third safeguard, "to limit the possibilities that long delay will impair the ability of an accused to defend himself. . . ." Hodges v. United States, *supra*, at 550. There is no suggestion that evidence or witnesses were lost or that petitioner was hindered in any way with his defense. The remaining criteria of *Hodges* are also satisfied. Considering all of the circumstances of this case, we find that the delay was not purposeful or oppressive and the holding of the court below was not in error on this point.

Petitioner contends that he was arrested without probable cause and outside the jurisdiction of the arresting officer, that the search and seizure made incidental to the arrest was therefore in-

---

1. The Missouri Supreme Court found that the trial on November 22, 1966 took place in the third term of court after the original information was filed, and, therefore, petitioner was not entitled to a discharge under § 545.920. State v. Keeny, 431 S.W.2d 95, 98 (Mo.1968).

2. An earlier motion was apparently filed by a co-defendant.

valid, and that the trial court should have suppressed the gun taken from the automobile.

■■ The validity of the arrest is determined by the law of the state where the arrest is made. United States v. Morris, 445 F.2d 1233 (8th Cir. 1971), cert. denied, 404 U.S. 957, 92 S. Ct. 322, 30 L.Ed.2d 273 (1971). Under Missouri law the arrest was valid. State v. Keeny, 431 S.W.2d 95 (Mo. 1968). Probable cause existed from the description of the getaway car given to the arresting officer minutes after the robbery by the victim. We find no merit in this contention.

Petitioner contends that he was denied a trial by an impartial jury. His argument is based on the allegation that members of the jury panel had read prejudicial newspaper accounts of the robbery and of petitioner's prior convictions, and that members of the jury panel were related to or acquainted with state witnesses or the involved officers.

■ It is not shown that any member of the petit jury was related to any of the officers or witnesses; hence this point is frivolous. Assuming arguendo that some member of the jury may have known the officers or witnesses, no prejudice is shown from this fact. As to this contention and the contention regarding pretrial publicity, suffice it to say that Rizzo v. United States, 304 F.2d 810 (8th Cir. 1962), cert. denied, Nafie v. United States, 371 U.S. 890, 83 S.Ct. 188, 9 L.Ed.2d 123 (1962), resolves this issue against petitioner.

Petitioner complains that his sentence of twenty-five years was imposed erroneously. He argues that while he was charged with robbery in the first degree by means of a dangerous and deadly weapon, the verdict was for robbery in the first degree only. He argues that the trial judge was under the erroneous impression that petitioner had been found guilty of armed robbery and that petitioner's sentence could be a minimum of five years and a maximum of death, whereas the maximum sentence for first degree robbery is life.

■ The court below held that this contention failed to raise a cognizable federal question, quoting from Stevens v. Warden, Maryland Penitentiary, 382 F.2d 429, 433 (4th Cir. 1967), cert. denied, 390 U.S. 1031, 88 S.Ct. 1423, 20 L. Ed.2d 288 (1968), as follows:

> "The federal courts have no right to review any sentence of a state court which does not exceed the statutory maximum sentence which may be imposed under the laws of the state."

We agree with the district court although we recognize the exception to this rule found in such cases as United States v. Tucker, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972), where the principle of Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), was involved. Further, considering the possible maximum sentence for first degree robbery that could have been imposed and the fact that petitioner's sentence was imposed under a habitual criminal statute, we are not prepared to hold that there was error of constitutional magnitude. We find the error to be harmless. See Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).

The judgment of the district court is affirmed.