No. 48,447

STATE OF KANSAS, *Appellee,* v. GERALD LEON COOPER, *Appellant.*

(573 P.2d 1006)

Opinion filed December 10, 1977.

*Thomas F. Richardson,* of Liberal, argued the cause and was on the brief for the appellant.

*Tom R. Smith,* assistant county attorney, argued the cause and was on the brief for the appellee.

*Per Curiam:* Gerald Leon Cooper was convicted by a jury of the crime of burglary (K.S.A. 21-3715). On appeal the defendant contends the trial court erred in admitting into evidence the exhibits and items taken from the defendant at the time of his arrest because said items were taken as a result of an illegal search and seizure following an illegal arrest in the State of Oklahoma and that there was insufficient foundation presented for the admission of such items into evidence at trial.

Around 2:00 A.M. on September 15, 1971, a grocery store in Kismet, Kansas, was burglarized. Two witnesses saw a pickup truck leaving the grocery store. The owner of the store lived across an alley from the store and was awakened by noises from the store. The Seward county sheriff's office was called to investigate. Cash from the safe and groceries were taken. One of the witnesses advised the vehicle was a light blue or light green Ford pickup with a "headache rack." At about 5:12 A.M. in Woodward, Oklahoma, two officers heard a radio transmission regarding the Kismet burglary which included the general description of the vehicle. Shortly thereafter these officers saw defendant's pickup. They stopped the truck as it had a loud exhaust system and no taillights. The officers warned the defendant about the defects, but issued no citation. Both officers observed a large quantity of groceries in the pickup bed. The defendant drove to the residence of the other occupants of the pickup and was followed by the officers. One officer was left to observe and the other went to bring a police captain to the scene. The defendant left for his own residence and was found there by the officers. The captain saw the grocery items in the pickup bed and defendant was arrested. The pickup was taken by a wrecker to a wrecking yard. There, officers inventoried the items in the truck and removed the same.

Included in these items were a large chunk of beef, grocery items, cash, and a brown tool bag containing several punches, a hammer, and two screwdrivers. The safe in the store had been broken into and a sand-like material found near the tool bag was identified by a K.B.I. chemist as being essentially identical to insulating material near the safe. Defendant's defense was alibi. The other occupants testified for him and he stated he purchased the grocery items from two strangers in a pickup.

The defendant first contends the arrest in Oklahoma was illegal. In the absence of an applicable federal statute the law of the state where an arrest without a warrant takes place determines its validity. See *State v. Shienle,* 218 Kan. 637, 640, 545 P.2d 1129.

"An arrest [in Oklahoma] is made by an actual restraint of the person of the defendant, or by his submission to the custody of the officer." Okla. Stat. Ann. tit. 22, § 190.

"A peace officer may, without a warrant, arrest a person:

"1. For a public offense, committed or attempted in his presence.

"2. When the person arrested has committed a felony, although not in his presence.

"3. When a felony has in fact been committed, and he has reasonable cause for believing the person arrested to have committed it.

"4. On a charge, made upon reasonable cause, of the commission of a felony by the party arrested." Okla. Stat. Ann. tit. 22, § 196.

"A felony is a crime which is, or may be, punishable with death, or by imprisonment in the State prison." Okla. Stat. Ann. tit. 21, § 5.

"The following persons are liable to punishment under the laws of this State:

"1. All persons who commit, in whole or in part, any crime within the State.

"2. All who commit theft out of this State, and bring, or are found with the property stolen, in this State. . . ." Okla. Stat. Ann. tit. 21, § 151.

The officers properly stopped defendant's pickup in the first instance for observed muffler and taillight violations. There is no evidence of a sham stopping for imagined violations. The stop was proper so officers had a right to be where they were when the groceries were first observed.

When the defendant was later arrested at his home, the officers had probable cause to believe defendant had committed a burglary in Kansas and that the defendant had committed a crime in Oklahoma, *i.e.,* violation of the aforecited Okla. Stat. Ann. tit. 21, § 151. The defendant was charged in Oklahoma although the charge was not prosecuted. The court concludes the arrest was proper.

The defendant next claims an illegal search and seizure of the

items in his vehicle. The officers did not have a search warrant. As in arrest we look to the state of search and seizure to determine validity. See *State v. Blood,* 190 Kan. 812, 816, 378 P.2d 548. It is not necessary to reach the issue of a "search" as the articles on which the probable cause arrest was based were in plain view *before* the inventory search began. See *Satterlee v. State,* 549 P.2d 104, 110 (Okla. Crim. App. 1976). Visual observation by police officers of contraband in plain view does not constitute a search. See *Cheatham v. State,* 483 P.2d 1172, 1175 (Okla. Crim. App. 1971). The subsequent seizure and inventory of the contraband were, accordingly, proper, including items not in plain view.

The remaining portion of the error claimed relating to insufficient foundation for admitting the seized items was not briefed. Points two and three in the statement of points were, likewise, not argued or briefed. These points will be deemed abandoned. See *State v. Mims,* 222 Kan. 335, Syl. 6, 564 P.2d 531.

The judgment is affirmed.