Freddy L. MENEFEE, and Calvin Wayne Jones, Appellants,

v.

The STATE of Oklahoma, Appellee.

Nos. F–80–748, F–80–706.

Court of Criminal Appeals of Oklahoma.

Feb. 19, 1982.

Jerry R. Babbit, Wendell L. Smith, Legal Intern, Lawton, for appellant Menefee.

J. Andrew Williams, Lawton, for appellant Jones.

Jan Eric Cartwright, Atty. Gen., Susan Talbot, Asst. Atty. Gen., Chief Appellate, Criminal Division, Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellants, Freddy L. Menefee and Calvin Wayne Jones, were charged, tried, and convicted conjointly in the District Court of Comanche County, Oklahoma, Case No. CRF–79–507, for the offense of Robbery with Firearms. Punishment for both appellants was fixed at twelve years' imprisonment. From said judgment and sentences, each has perfected a timely appeal to this Court, which have been consolidated for disposition.

On the evening of October 25, 1979, Pat's Liquor Store in Lawton, Oklahoma, was robbed. Lloyd Wright testified that as he and his wife were working in the liquor store, a slender male, six feet in height, entered the store, priced three bottles and departed. Shortly thereafter the same man re-entered the store and asked for a pint of wine. As Wright turned to get the wine, a shorter male entered the store with a firearm and announced a robbery. The two men took approximately three hundred fifty dollars ($350.00) and fled.

T. J. Midland, a Lawton taxicab driver, testified that between the hours of two and four a. m. on October 26, 1979, he was called to an address which proved fictitious, but was met by two males in that vicinity. The two men directed Midland to drive the taxicab in circles around several blocks as they searched for an object located in either a field or a nearby house. The shorter male retrieved a bundle from a house, and upon returning to the taxicab, secreted the bundle inside the suitcase. Midland then delivered them to the Lawton bus depot.

Soon afterwards, Midland acquired a newspaper which contained descriptions of two men sought in connection with a robbery that had occurred in Lawton.[1] The descriptions matched the two men he had taken to the bus depot. His suspicions aroused, Midland contacted Officer Gregory Lord of the Lawton Police Department, and relayed a description of the two men.

[1] The newspaper account which motivated Midland's notification of the authorities concerned the robbery of a Lawton health foods store on October 24, 1979, one day prior to the robbery at issue.

Upon receiving Midland's report, Officer Lord proceeded to the bus station and ascertained that the two men matching Midland's description had purchased tickets and were already en route to Wichita, Kansas. Lord then sent a teletype message to the Wichita Police Department requesting they "check" two black males en route by bus to Wichita from Lawton. He relayed descriptions of approximate height, weight, age and clothing. He additionally requested they watch for unspecified "contraband."

Officer Ronald D. Goens, a Wichita policeman, met the bus, took the two men into custody, advised them of their *Miranda* rights and searched them. A nylon stocking and a .22 caliber shell were found on the person of one of the men.

Officer Goens further testified that the two men were in possession of two suitcases and a bag when they stepped off the bus. After being arrested, the taller man informed Goens that he had left certain articles of clothing on the bus. The bus driver retrieved two coats and a blue suitcase from the area near where the men were sitting on the bus. Both men denied ownership of the suitcase. Officer Goens directed the bus driver to determine the ownership of the suitcase. In an effort to discover the identity of the owner, the bus driver opened the suitcase out of the view of Officer Goens and the two men. Upon opening the suitcase, he discovered a sawed-off .22 rifle. Officer Goens took the suitcase and its contents into custody.

At trial, Officer Goens identified the two men he arrested as the appellants Menefee and Jones.

Detective Richard L. Vinroe, of the Wichita Police Department, testified that he advised both men of their *Miranda* rights. Appellant Jones signed a waiver of his rights and a confession to the liquor store robbery. Pursuant to a motion made previously by the appellants, only that part of appellant Jones' confession which implicated Jones was allowed as evidence. No references in Jones' confession to appellant Menefee were allowed.

Subsequent to the appellants' extradition from Kansas to Oklahoma, Detective Larry Salmon of the Lawton Police Department obtained a written waiver of rights and a confession from appellant Jones. Detective Salmon's testimony at trial concerning appellant Jones' confession was subject to the same restrictions as was Wichita Police Detective Vinroe's.

Lawton Police Detective Mark McFarland testified that appellant Menefee signed a written waiver of his rights. Detective McFarland also obtained a signed statement from appellant Menefee concerning his involvement in the liquor store robbery and his subsequent journey to Wichita. At trial, Detective McFarland testified concerning the statement only insofar as they incriminated Menefee.

■ Initially, appellant Menefee asserts that the trial court erred in refusing to sever his trial from that of his co-defendant, appellant, Jones. This Court has recognized in the past that it is in the interest of both justice and economy to jointly charge and try those alleged to have participated in the same criminal act, and has urged trial courts to do so whenever possible. *Phelps v. State*, 598 P.2d 254 (Okl.Cr. 1979); *Dodson v. State*, 562 P.2d 916 (Okl. Cr.1977). 22 O.S.1971, § 438. The decision to grant or deny severance is left to the sound discretion of the trial court, and absent abuse resulting in prejudice to the defendant, the decision will not be disturbed on appeal. *Faubion v. State*, 569 P.2d 1022 (Okl.Cr.1977).

■ Appellant Menefee contends that prejudice occurred when Detectives Vinroe and Salmon testified at trial concerning appellant Jones' confessions. He cites *Bruton v. United States*, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968), which held that in cases where the State seeks to introduce the confession of a co-defendant which directly inculpates a non-confessing co-defendant through the testimony of a third party, there must be a severance of trials. The purpose of a severance in such cases is to prevent introduction of directly incriminating evidence without confrontation of the

adverse party, in violation of the non-confessing co-defendant's Sixth Amendment rights.

Oklahoma cases following the *Bruton* rule that have found error in not severing the trial of non-confessing co-defendants from confessing co-defendants were based on facts in which the non-confessing co-defendant was directly implicated in the confession of the other co-defendant. *Goodson v. State*, 562 P.2d 897 (Okl.Cr.1977); *Edmondson v. State*, 515 P.2d 1158 (Okl.Cr. 1973); *Clark v. State*, 509 P.2d 1398 (Okl.Cr. 1973); *Fugett v. State*, 461 P.2d 1002 (Okl. Cr.1969).

The trial court successfully removed the instant case from the purview of *Bruton*, supra, and the foregoing Oklahoma cases since all references to appellant Menefee were kept out of the testimony concerning Jones' confessions. Therefore, no prejudice resulted to appellant Menefee and the trial court did not abuse its discretion by denying a severance.

■ In accordance with the trial court's decision to edit the testimony of the police officers concerning each appellants' confession in lieu of a severance, written statements of confession made by each appellant were not allowed into evidence. The appellants allege error occurred when the trial court told the jury during closing arguments that written confessions by both appellants existed. The judge's remarks were in response to defense counsel's statement that there were no such confessions.

The trial court's statement was designed solely to prevent the jury from being misled. Appellant Jones invited the judge's admonishment to the jury, and having done so, will not be heard to complain on appeal. See, *Wyatt v. State*, 491 P.2d 1098 (Okl.Cr. 1971). Counsel for appellant Menefee failed to voice objection to the trial court's statement. Having so waived error, if any, appellant Menefee will likewise not be heard on appeal. *Wyatt*, supra.

In the next assignment of error, the appellants allege that the robbery weapon and the statements made to the Wichita and Lawton Detectives should have been excluded as fruits of an illegal warrantless arrest, search and seizure. The arrest and ensuing searches of the Oklahoma suspects were effected in Kansas by Kansas police officers. Before the issue of the legality of the warrantless arrest may be resolved, it must first be determined whether Oklahoma or Kansas law applies.

■ It is well established in federal and other state jurisdictions that the law of the state in which a warrantless arrest takes place determines the validity of the arrest. *United States v. Di Re*, 332 U.S. 581, 68 S.Ct. 222, 92 L.Ed. 210 (1948). *Keeny v. Swenson*, 458 F.2d 680 (8th Cir. 1972) cert. den. 409 U.S. 1027, 93 S.Ct. 468, 34 L.Ed.2d 321, reh. den., 409 U.S. 1118, 93 S.Ct. 915, 34 L.Ed.2d 703, *Ralph v. Pepersack*, 335 F.2d 128 (4th Cir. 1964), cert. den. 380 U.S. 925, 85 S.Ct. 907, 13 L.Ed.2d 811, *Cooper v. State*, 223 Kan. 175, 573 P.2d 1006 (1977). In accordance with that view, we hold that the validity of the appellants' warrantless arrests, and the ensuing search and seizure are governed by the laws of the State of Kansas.

According to Kansas law, a law enforcement officer may arrest a person without a warrant when he has probable cause to believe the person has committed a felony. Title 22 Kansas Statutes Annotated § 2401(c)(1). In Kansas, probable cause exists when the practical considerations of everyday life would lead a reasonable and prudent officer to believe that a felony has been or is being committed. *State v. Brocato*, 222 Kan. 201, 563 P.2d 470 (1977). The collective information of police and other law enforcement officers involved in an arrest can form the basis for probable cause, even though all the information is not within the knowledge of the arresting officer. *State v. Buckner*, 223 Kan. 138, 574 P.2d 918 (1977); *State v. Clark*, 218 Kan. 726, 544 P.2d 1372 (1976).

■ From the evidence presented at trial, we find that the Kansas and Oklahoma law enforcement officers collectively had knowledge that a robbery had taken place in Lawton the previous evening; that a

detailed description of appellants' heights, weights, appearances, ages and clothing was given by a concerned citizen (the taxi-cab driver, who was himself at one time a deputy marshal); that the citizen's suspicions were aroused by a newspaper article describing suspects of a different robbery who closely resembled the appellants; and that the description and actions of the two were corroborated by the ticket agent and the bus driver. The teletype message requesting that the Wichita police check for "contraband" was coupled with the arresting officers' personal observation of one of the appellants' attempt to avoid being seen by him as the bus arrived in Wichita. All this information collectively considered would lead a prudent and reasonable officer to believe a felony had been committed by the two appellants. We therefore hold that the arresting officer had probable cause to arrest the appellants.

 We turn next to the warrantless search of the blue suitcase retrieved from the bus by the bus driver following the appellants' arrest. The denial of ownership of the suitcase by the appellants constituted voluntary abandonment of the property. See, *United States v. Anderson*, 500 F.2d 1311 (5th Cir. 1974); *United States v. Colbert*, 474 F.2d 174 (5th Cir. 1973) (en banc). Abandonment is primarily a question of intent, and such intent may be inferred from words, acts and other objective facts. *United States v. Jackson*, 544 F.2d 407 (9th Cir. 1976). The fact that neither man carried the suitcase off the bus, combined with their denial of ownership, demonstrates their intentions to abandon the suitcase and its incriminating contents. When one voluntarily abandons property, he has no standing to complain of its search and seizure. *Abel v. United States*, 362 U.S. 217, 80 S.Ct. 683, 4 L.Ed.2d 668 (1960); *Colbert*, supra. Having denied any interest in the suitcase, the appellants forfeited their legitimate expectation of privacy in the suitcase. They are therefore unable to challenge the search and the evidence obtained therefrom. *United States v. Canady*, 615 F.2d 694 (5th Cir. 1980).

 Finally, the appellants argue that the trial court erred in overruling their demurrer to the State's evidence (more properly known as a motion for a directed verdict). It is well established in this state that if there is any competent evidence which reasonably supports the allegations of a charge, a demurrer should not be sustained. *Renfro v. State*, 607 P.2d 703 (Okl. Cr.1980); *Speegle v. State*, 556 P.2d 1045 (Okl.Cr.1976). An examination of the facts presented herein reveals competent evidence to support the charge. The trial court properly overruled the motion for directed verdict.

The judgments and sentences of both appellants are hereby AFFIRMED.

BRETT, P. J., and CORNISH, J., concur.