**Larry Bernard TERRY, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–81–594.**

Court of Criminal Appeals of Oklahoma.

July 29, 1983.

David W. Carter, Lawton, for appellant.

Jan Eric Cartwright, Atty. Gen., Robert C. Smith, Jr., Asst. Atty. Gen., Oklahoma City, for appellee.

## MEMORANDUM OPINION

BRETT, Judge:

The appellant was convicted by a jury in the District Court of Comanche County, Case No. CRF–80–284, of Unlawful Possession of a Controlled Drug, Cocaine, in violation of 63 O.S.Supp.1980, § 2–402. The jury returned a verdict of guilty, and the appellant was sentenced to ten (10) years' imprisonment.

■ Pursuant to a search warrant, Officer Dawkins of the Lawton Police Department found five vials, two of which contained a chemical substance, while searching the appellant's home. Only one of the vials was conclusively determined to contain cocaine. Several photographs of the appellant were also seized during the search and introduced into evidence over his objections. On appeal the appellant initially asserts that the cocaine and the photographs were seized pursuant to an invalid search warrant because the affidavit submitted to the magistrate did not include "attachment B", a statement referred to in the affidavit, which stated the underlying facts and cir-

cumstances enabling the magistrate to make a determination of probable cause for issuance of a search warrant. The State contends that the failure to affix attachment B to the affidavit did not render the search warrant invalid because the attachment was presented for the magistrate's consideration before the search warrant was issued.

According to 22 O.S.1971, § 1224.1, an affidavit may be supplemented by oral testimony so long as the transcript of any oral testimony is filed with the affidavit. When interpreting this statutory provision in *Phelps v. State,* 598 P.2d 254 (Okl.Cr.1978), this Court stated:

> The appellant is mistaken in his interpretation of the phrase "filed with." It does not mean that the items must be filed at the same time, but rather in the same place, so that a person seeking the warrant and/or the affidavit in the file will also find the testimony. *The central issue in reviewing a decision by a magistrate on an application for a search warrant is what information the magistrate had before him when the decision was made.*

*Id.,* at 257. (emphasis added).

Although not directly on point, we find this statutory provision and interpretation persuasive in the instant case. The appellant does not dispute the fact that the affidavit and attachment B were filed in the same place. Instead, he contends that the information contained in attachment B is outside testimony which cannot be considered when reviewing the validity of a search warrant. In light of *Phelps,* however, his contention must fail. Attachment B and the affidavit were both presented to the magistrate prior to the decision to issue a search warrant. The failure to affix attachment B to the affidavit does not render the search warrant invalid. Thus, this assignment of error is without merit.

To prove the crime of possession of cocaine the State must prove that the accused knowingly or intentionally possessed the substance. 63 O.S.Supp.1980, § 2–402. The State apparently intended to prove one of those elements by introducing various photographs of the appellant with a vial similar to the one seized containing cocaine, a small spoon, and holding the spoon to his nose. The appellant asserts that the photographs entered into evidence over his objection, lacked probative value.

 When photographs are admitted into evidence, they must be faithful reproductions of the place or subject as it existed at the time involved in the controversy. *Grabow v. State,* 532 P.2d 68 (Okl.Cr.1975); *Langley v. State,* 90 Okl.Cr. 310, 213 P.2d 886 (1950). The officer was able to testify that the person in the photographs was the appellant and the photographs were taken in the appellant's house. There was no evidence, however, that the vial in the picture was the same vial confiscated in the search; nor was there evidence that the photographed vial contained anything. Most important was the inability of the officer to testify to when the photographs were taken.

Under the circumstances of this particular case, this Court cannot conclude that the photographs were relevant. 12 O.S.1981, § 2401. The vial shown in one of the photographs, while similar to the vial containing cocaine, was also similar to other empty vials. Furthermore, without knowing when the photographs were taken they have no probative value to the case at hand. In light of the evidence presented to support a guilty verdict, however, there is no basis for reversal of the judgment.

Unfortunately, the photographs depicting the appellant holding a small spoon to his nose may have inflamed the jury to the point that they assessed the maximum penalty allowable for the crime charged. An expert testified over the appellant's objection that one way to ingest cocaine was through the nose, which permitted the jury to infer that two of the photographs of the appellant depicted him using cocaine. The pictures, coupled with this testimony, prejudiced the appellant and justifies modification of his sentence. Accordingly, the judgment is AFFIRMED and the sentence is

MODIFIED from ten years' imprisonment to seven years' imprisonment.

CORNISH, J., concurs.

BUSSEY, P.J., concurs in part and dissents in part.

BUSSEY, Presiding Judge, concurring in part and dissenting in part:

I would affirm the conviction without modification. I believe that the introduction of the photograph had probative value and its introduction does not require modification.