Terry Lynn HIGHTOWER, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F-82-488.

Court of Criminal Appeals of Oklahoma.

Nov. 22, 1983.

Rehearing Denied Dec. 22, 1983.

Virginia Henson, Henson, Laster & Henson, Shawnee, for appellant.

Michael C. Turpen, Atty. Gen., Robert W. Cole, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

CORNISH, Judge:

Terry Lynn Hightower and two co-defendants were convicted in a joint trial of Unlawful Cultivation of Marijuana and Unlawful Possession of Marijuana With Intent to Distribute. Appellant was sentenced to nine (9) years' imprisonment and a twenty-five thousand dollar ($25,000) fine on the cultivation charge, and ten (10) years' imprisonment and a five thousand dollar ($5,000) fine on the possession charge. On appeal, we affirm.

### I

■ Appellant contends that the evidence was insufficient to support the verdict. With regard to the possession charge, the prosecution was required to show that appellant knew of the presence of the marijuana, and that the marijuana was under his dominion and control. *Brown v. State,* 481 P.2d 475 (Okl.Cr.1971). It was also necessary to show that appellant had an intent to distribute the marijuana. 63 O.S. 1981, § 2–401(A)(1). In order to prove the cultivation charge, the state was required to show that appellant cultivated or produced, or knowingly permitted the cultivation, production or wild growing of marijuana on lands owned or controlled by him. 63 O.S. 1981, § 2–509(1). The jury was also instructed that they could convict appellant if he aided and abetted the commission of the offenses. 21 O.S.1981, § 172.

In the instant case, law enforcement officers followed appellant from a Norman, Oklahoma, residence to a thirty acre tract of land in rural Pottawatomie County on the morning of October 23, 1980. Upon his arrival at about 10:00 a.m., appellant appeared to unlock a gate guarding the property then proceed to a mobile home on the land. At about 10:30 a.m., co-defendant Robert Darrell Hightower also entered the property after apparently unlocking the gate.

Between 5:00 and 6:00 p.m. that afternoon, a party of lawmen cut through the padlocked gate and executed a search war-

rant for the premises. The only person encountered on the tract was a second co-defendant, Gary Champeau, who exited the mobile home. However, as the officers conducted the search, they saw appellant and co-defendant Hightower approach the gate on the public road fronting the tract, then rapidly drive away. They were arrested several miles away.

The officers seized some four tons of marijuana from the land. Drying racks containing cut marijuana were found in the mobile home and a semitrailer. Two fields of marijuana were discovered west of the mobile home. The fields were irrigated by means of water sprinklers elevated on poles and controlled from a pump house near the mobile home.

Two weighing scales were seized from the semitrailer, and a large number of small plastic bags were taken from the mobile home. A number of photographs were seized from the living room of the mobile home. One of these showed appellant and co-defendant Champeau posing in a field of plants identified as marijuana.

In summary, a large scale marijuana cultivation operation was in progress on the land in question. The harvesting and processing of the drug had commenced. The operation apparently envisioned the weighing and packaging of the drug in a form convenient for sale. These activities were taking place on land protected by a locked gate. While the operation was underway, appellant was shown to have access to the property, apparently by means of a key. Photographic evidence was introduced by the state, apparently showing appellant and a co-defendant posing amid marijuana growing on the land in question.

█ A criminal case may be proved circumstantially, and it is the exclusive province of the jury to apply the evidence. This Court's only concern is whether a prima facie case was established justifying submission of the case to the jury. *Neilson v. State,* 639 P.2d 615 (Okl.Cr.1981). Moreover, where there is competent evidence, albeit entirely circumstantial, from which the jury may reasonably find a defendant

guilty, the weight, credibility and probative value of such evidence is left to the jury, and this Court will not disturb the verdict for insufficiency of the evidence. *Isom v. State,* 646 P.2d 1288 (Okl.Cr.1982). We find that the evidence was sufficient to support the verdict.

## II

Appellant challenges the admissibility of the evidence seized under the search warrant. He contends that the search warrant affidavit was insufficient, that the issuance, service and return of the warrant was unlawful, and that articles of evidence not described in the warrant were seized. However, appellant has failed to show that his personal rights were infringed by the allegedly unlawful search and seizure.

█ In order to assert a Fourth Amendment claim, the defendant has the burden of proving that he had a legitimate expectation of privacy in the area searched. He must show that he exhibited an actual, subjective expectation of privacy in the area searched, and that the expectation was one which society is prepared to recognize as reasonable. *Edwards v. State,* 651 P.2d 1335 (Okl.Cr.1982). The legitimization of expectations of privacy arises either by reference to concepts of real or personal property law, or to understandings that are recognized and permitted by society. *Rakas v. Illinois,* 439 U.S. 128, 143, 99 S.Ct. 421, 430, 58 L.Ed.2d 387 (1978), Note 12.

█ Similarly, Art. II, § 30 of the Oklahoma Constitution protects the personal rights of the owner or occupant of the premises searched, i.e., one having possession of the premises. See *Sanders v. State,* 351 P.2d 1079 (Okl.Cr.1960). In the case at bar, the only evidence before the court on the pre-trial defense motion to suppress indicated that appellant visited the land on the morning in question, that he had departed by the time of the search, and, inferentially, that he had a key at the time of his visit.

■ There was no evidence that appellant was the owner or occupant of the land, in the sense of having possession of the property. Nor was there any basis for determining that appellant's subjective expectation of privacy, if any, was supported by real or personal property concepts, or an understanding of the sort recognized by society. Appellant's challenge to the search and seizure is thus unavailing.

### III

Appellant contends that the photographs seized from the living room of the mobile home were not properly identified, and so were improperly admitted into evidence.

■ When photographs are admitted into evidence, they must be faithful reproductions of the place or subject as it existed at the time involved in the controversy. *Terry v. State,* 666 P.2d 1305 (Okl.Cr.1983). Under the Evidence Code, the issue is whether there is sufficient evidence to support a finding that the matter in question is what its proponent claims it to be. 12 O.S.1981, § 2901(A). The evidence may be direct or circumstantial. Evidence Subcommittee's Note, Section 901(A) [12 O.S.1981, § 2901(A).] The requirement of identification or authentication is satisfied, for example, by the "[a]ppearance, content, substance, internal patterns or other distinctive characteristics taken in conjunction with circumstances." 12 O.S.1981, § 2901(B)(4).

■ In the case at bar, there was sufficient evidence, albeit circumstantial, to support a finding that the photograph was what the state claimed it to be, i.e., a picture of appellant and the co-defendant in one of the marijuana fields on the land in question. The photograph was found on the land. There were marijuana fields on

the land the day in question. Appellant and the co-defendant were both shown to have access to the land.

The particular photo was part of a group, one of which depicted an elevated device similar to the irrigation sprinklers on the land in question. Another photo depicted the interior of the living room of the mobile home. The possibility that the picture was taken on the same land, but during an earlier growing season, or on different land on which marijuana was also being grown, was sufficiently remote so as not to require exclusion. The photograph was properly admitted into evidence.

### IV

■ Appellant contends that the magistrate erred in binding him over for trial due to the unlawfulness of his arrest. We deem it unnecessary to treat this contention at length. The alleged illegal arrest would not have affected the jurisdiction of the court. *Raymer v. City of Tulsa,* 595 P.2d 810 (Okl.Cr.1979).

■ Moreover, review of the evidence at the preliminary examination reveals that even if evidence seized as a result of the arrest had been excluded, sufficient evidence remained to support the bind-over order. Accordingly, the sufficiency of the evidence at the preliminary hearing was not affected. *Davis v. State,* 640 P.2d 573 (Okl. Cr.1982).

Appellant's contention must fail.

### V

■ Appellant asserts that the prosecutor made an improper reference to his failure to testify at trial.[1] To constitute re-

---

1. MR. ROBERSON: No one has offered any real explanation for these photographs, and obviously not. They are a little difficult to explain. You could again draw from the inference of cross examination and perhaps argument—and argument that—

MR. SIMPSON: If the Court please, I'm going to object to the direction of these statements. The Defendants are under no obligation to explain anything—

THE COURT: No.
MR. SIMPSON ___particularly, the State's evidence.
THE COURT: Overruled.
MR. SIMPSON: Note our exception.
MR. ROBERSON: Insofar as the argument went, Ladies and Gentlemen, there was some reference made by the attorneys that this may not be marijuana that appears in the background of these pictures. Then, I would ask

versible error, statements by the prosecutor must directly and unequivocally call attention to the failure of the accused to testify. The comments must be such that the jury would naturally and necessarily understand that the statements could only be rebutted by the defendant personally. *Hays v. State*, 617 P.2d 223 (Okl.Cr.1980).

Although the comment in this case came very close to a forbidden reference, we cannot say that it was reversible error. It appears to relate to the failure of the defense to refute the testimony of a state's witness that plants pictured in the background of several of the photographs at trial were marijuana.

## VI

It is contended that the trial court erred in denying appellant's request for a severance of his trial from that of his two co-defendants.

This Court has recognized that it is in the interest of both justice and economy to jointly charge and try those alleged to have participated in the same criminal act, and we have urged trial courts to do so whenever possible. *Menefee v. State*, 640 P.2d 1381 (Okl.Cr.1982). The decision to grant or deny a motion for severance is left to the sound discretion of the trial court, and this Court will not disturb such ruling absent a showing of some prejudicial effect to the defendant. *Beeks v. State*, 563 P.2d 653 (Okl.Cr.1977). The defendant has the burden of presenting evidence in argument to the trial court to show how he would be prejudiced by the joinder of the defendants. *Jones v. State*, 527 P.2d 169 (Okl.Cr.1974).

Appellant's reliance upon the absence of evidence in the record that his defense was antagonistic to that of his co-defendants is misplaced, since it was appellant's burden to submit such evidence, if any. His statement that his co-defendants might have testified on his behalf had sepa-

rate trials been held is entirely speculative. Finally, his complaint that joinder required him to stand trial with a resident of the property to his prejudice is not persuasive in light of the evidence tying appellant to the land.

We find no abuse of discretion.

## VII

Finally, appellant contends that the judge erred in denying his motion for new trial. This contention assumes the validity of the propositions of error asserted on this appeal. In light of our rejection of those propositions, this contention is without merit.

The judgment and sentence is AFFIRMED.

BRETT, J., concurs.

BUSSEY, P.J., concurs in results.

you, again, when you re-examine these, to see if these don't appear to you to be posed photographs. And, therefore, if that isn't marijuana, perhaps it's—it's a drop, some setting where that's some other type of plant. The only unrefuted testimony the State's presented has been from Agent Guyton—and you can attach what significance you want to, to that—and that is, that that appears to be marijuana there in the background of those photographs, and they were found there in the mobile home. (Tr. pp. 287–288)