Vickie Sue COLE, Appellant,

v.

STATE of Oklahoma, Appellee.

No. F-84-675.

Court of Criminal Appeals of Oklahoma.

Oct. 8, 1986.

Rehearing Denied Dec. 19, 1986.

Michael C. Turpen, Atty. Gen., Mary F. Williams, Asst. Atty. Gen., Oklahoma City, for appellee.

Patti Palmer, Asst. Appellant Public Defender, Norman, for appellant.

## OPINION

PARKS, Presiding Judge:

The appellant, Vickie Sue Cole, was charged in the District Court of Marshall County, Case No. CRF-83-72, with the offense of Unlawful Possession of LSD With Intent to Distribute. The trial court sustained the appellant's motion for a directed verdict, to the extent that the State failed to show intent to distribute. The jury found the appellant guilty of the offense of Unlawful Possession of LSD, and fixed her punishment at a term of two (2) years imprisonment. We affirm.

In the early morning hours of June 26, 1983, the appellant and a companion were traveling on State Highway 99 near Willis, Oklahoma. Trooper Booker stopped the vehicle because a tail light on the vehicle was out. Trooper Booker approached the vehicle and noticed the smell of burning

marijuana. The trooper asked the appellant's companion for his driver's license. He observed the appellant extend her foot to the driver's side of the vehicle, attempting to push a wooden box under the seat. The trooper asked to see the box, but received no reply. The trooper thereafter asked the driver to exit the vehicle. The trooper next seized the box, which contained a green, leafy material which appeared to be marijuana.

The trooper thereafter searched the vehicle. He found, inside an overnight bag, a prescription bottle in the appellant's name. The bottle contained ten little squares of paper. The appellant and her companion were arrested, and were read their *Miranda*[1] rights.

At trial, it was adduced that the vehicle belonged to the appellant. A forensic chemist also testified at trial that he performed three tests on the squares of paper. In his opinion, after performing the tests, the substance on the paper was LSD.

## I.

In her first assignment of error, the appellant contends that she was deprived of effective assistance of counsel, because her counsel represented allegedly conflicting interests by also representing her co-defendant. We disagree. The United States Supreme Court has held that, in the absence of an objection by trial counsel to the multiple representations, "trial courts may assume either that multiple representation entails no conflict or that the lawyer and his clients knowingly accept such risk of conflict as may exist." *Cuyler v. Sullivan*, 446 U.S. 335, 347, 100 S.Ct. 1708, 1717, 64 L.Ed.2d 333 (1980). The Court further emphasized that the attorney representing two defendants in a criminal trial has the best position to determine, both ethically and professionally, the existance of a conflict or the probability when such a conflict will develope. *Id.* Finally, the Court instructed that the trial court does not have an affirmative duty to initiate an inquiry, unless the court "knows or reasonably should know that a particular conflict exists." *Id.*

■ In the instant case, the trial court was not informed of any potential conflicts of interest by defense counsel interposing the appropriate objections. Thus, the trial court could "assume … that [the] multiple representation entail[ed] no conflict." *Id.* The appellant suggests that her motion for severance was adequate to notify the court of the potential conflicts. We disagree. The motion for severance did not draw to the court's attention to *any* conflicts of interest. This motion, by itself, is insufficient to overcome the trial court's assumption that no conflict existed. Accordingly, this assignment of error is without merit.

## II.

■ In her second assignment of error, the appellant asserts that the trial court erred by not granting a severance of her trial from that of her co-defendant. We disagree. This Court has held:

> [I]t is in the interest of both justice and economy to jointly charge and try those alleged to have participated in the same criminal act, and has urged trial courts to do so whenever possible. The decision to grant or deny severance is left to the sound discretion of the trial court, and absent abuse resulting in prejudice to the defendant, the decision will not be disturbed on appeal.

*Menefee v. State*, 640 P.2d 1381, 1383 (Okl. Cr.1982) (citations omitted).

The prejudice asserted in the case at bar is that the appellant's co-defendant would have testified on her behalf had a severance been granted. In a similar case, this Court held:

> The defendant has the burden of presenting evidence in argument to the trial court to show how he would be prejudiced by the joinder of the defendants. Appellant's reliance upon the absence of evidence in the record that his defense was antagonistic to that of his co-defend-

---

1. *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

ants is misplaced, since it was appellant's burden to submit such evidence, if any. His statement that his co-defendants might have testified on his behalf had separate trials been held is entirely speculative.

*Hightower v. State*, 672 P.2d 671, 677 (Okl.Cr.1983) (citations omitted). The facts in the *Hightower* case, *id.*, are controlling on the facts of the case at bar. We similarly hold, as in *Hightower*, that the trial court did not abuse its discretion. Accordingly, this assignment of error is without merit.

### III.

 In her third assignment of error, the appellant contends that her vehicle was illegally searched and evidence was unlawfully seized therefrom. We disagree. The United States Supreme Court has recently held that officers who detected the distinct odor of marijuana had probable cause to believe the vehicle contained contraband, justifying a search therein. *United States v. Johns*, 469 U.S. 478, 105 S.Ct. 881, 83 L.Ed.2d 890 (1985). Similarly, this Court has held that a State Trooper, who had personally detected the odor of marijuana and had observed two hand rolled cigarettes in an ashtray, had sufficient probable case to conduct a search in the locked glove compartment of the vehicle. *Ferguson v. State*, 520 P.2d 819 (Okl.Cr.1974).

In the instant case, Trooper Booker had probable cause to believe that the vehicle contained contraband, upon smelling the distinct odor of marijuana. The appellant contends that the search of the overnight bag was not justified, however. We again disagree. This Court has found that the search of a suitcase within a vehicle, once probable cause had been established, was lawful. *Lindsey v. State*, 671 P.2d 57 (Okl.Cr.1983). This Court stated that "[t]he same probable cause justified the search of every part of the vehicle and its contents that might conceal the object of the search." *Id.* at 59. The search of the overnight bag was similarly justified in the case at bar. Therefore, this assignment of error is without merit.

### IV.

In her last assignment of error, the appellant contends that the trial court abused its discretion by refusing to suspend her sentence. We disagree. We note that the appellant was given the minimum sentence under 63 O.S.Supp.1984, § 2-402(B)(1). We find no abuse of discretion by the trial court setting sentence, according to the jury verdict, at the minimum sentence allowable by statute. Furthermore, we find that such sentence does not shock the conscience of this Court. *Clark v. State*, 678 P.2d 1191 (Okl.Cr.1984). Accordingly, this assignment of error is without merit.

Finding no merit to the appellant's assignments of error, the judgement and sentence of the District Court should be, and hereby is, AFFIRMED.

BUSSEY, J., concurs.

BRETT, J., concurs in results.