**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**January 12, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JOSEPH LAVON WEBSTER,

    Petitioner-Appellant,

v.

ATTORNEY GENERAL OF THE
STATE OF OKLAHOMA,

    Respondent-Appellee.

No. 06-6207

(D.C. No. CIV-04-1663-F)
(W. D. Okla.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **HENRY, BRISCOE,** and **O'BRIEN**, Circuit Judges.

---

Joseph Lavon Webster, a state prisoner appearing pro se, seeks to appeal the district court's denial of his 28 U.S.C. § 2254 petition for a writ of habeas corpus. The matter is before this court on Webster's request for a certificate of appealability ("COA"). Our jurisdiction arises under 28 U.S.C. §§ 1291 and 2253(a), and, as we determine that Webster has not made a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000), we deny a COA and dismiss the matter.

Webster was convicted by an Oklahoma jury for trafficking in illegal drugs

---

[*]This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.

with a cocaine base and thereafter sentenced to forty-five years of imprisonment. He filed a direct appeal of his conviction, which the Oklahoma Court of Criminal Appeals ("OCCA") affirmed by summary opinion. Webster subsequently sought post-conviction relief which was denied by the state district court. He sought review of the state district court's denial of his request for post-conviction relief, but the OCCA dismissed the appeal as untimely and his application to file an appeal out of time was denied by the state district court. Webster thereafter filed a petition under 28 U.S.C. § 2254 in federal court arguing (1) the trial court erred in failing to suppress contraband evidence, (2) a Brady violation, and (3) ineffective assistance of counsel. Adopting the thorough report and recommendation of the magistrate judge, the federal district court denied this petition.

Webster has filed a notice of appeal from the denial of his § 2254 petition, a brief in support, and an application for a COA. A COA is a jurisdictional prerequisite. Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). We construe Webster's appellate brief in support of his notice of appeal as additional argument in support of his application for a COA. This court can issue a COA only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 327. This

determination "requires an overview of the claims in the habeas petition and a general assessment of their merits." Id. at 336. Webster is not required to prove the merits of his case, but he must nonetheless demonstrate "something more than the absence of frivolity" or the mere existence of good faith on his part. Id. at 338 (internal quotation marks omitted). Under § 2254, we may grant a COA on a claim that was adjudicated on the merits in state court only if the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2).

Having undertaken a review of Webster's application for a COA and appellate filings, the district court's order, and the entire record on appeal pursuant to the framework set out by the Supreme Court in Miller-El, we conclude Webster is not entitled to a COA. For the following reasons, the district court's resolution of Webster's § 2254 motion is not reasonably subject to debate and the issues he seeks to raise on appeal are not adequate to deserve further proceedings.

Webster first argues that his conviction rests upon evidence obtained as the result of an unconstitutional search and seizure. The district court concluded that the Supreme Court's decision in Stone v. Powell, 428 U.S. 465 (1976) barred Webster's claim. In Stone, the Court held that, "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not

require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." Id. at 481-82. Such an opportunity may occur at trial or on direct appeal. Stone, 428 U.S. at 494, n.37. We would review de novo whether a petitioner had an opportunity for full and fair litigation of his Fourth Amendment claim. Smallwood v. Gibson, 191 F.3d 1257, 1265 (10th Cir. 1999).

At trial, Webster did not seek the suppression of any evidence. On direct appeal, he raised the failure of the trial court to suppress evidence in violation of the Fourth Amendment and of Article II, Section 30 of Oklahoma's Constitution. The OCCA rejected Webster's claim for two reasons. First, it held that the evidence in question had been abandoned. Second, after thoroughly considering Webster's allegation in light of the record, the OCCA also determined that the stop in question was a proper investigatory stop, based upon a reasonable suspicion of illegal activity.

In denying his § 2254 petition, the district court determined that Webster had an opportunity to fully and fairly litigate these claims in state court. Specifically, the district court pointed to Oklahoma law, as well as United State Supreme Court precedent, for the proposition that "[w]hen one voluntarily abandons property, he has no standing to complain of its search and seizure." Menefee v. State, 640 P.2d 1381, 1385 (Okla. Crim. App. 1982) (citing Abel v. United States, 362 U.S. 217, 241 (1960)). Alternatively, the district court noted that the OCCA had thoroughly considered the entire record and had cited the applicable case law in determining that

the conduct of law enforcement was reasonable and lawful. See, e.g., Terry v. Ohio, 392 U.S. 1, 21-22 (1968) (holding that an investigatory stop may be justified by reasonable suspicion that falls short of probable cause); Adams v. Williams, 407 U.S. 143, 147-48 (1972) (holding that the fact that an investigatory stop took place in a "high crime area" is pertinent to a Terry analysis); Illinois v. Wardlow, 528 U.S. 119, 124 (2000) (holding that unprovoked flight is "not necessarily indicative of wrongdoing, but it is certainly suggestive of such"). We agree with the district court that Webster had a full and fair opportunity to present his Fourth Amendment claim in state court proceedings. Thus, Webster is not entitled to a COA as to this claim.

Webster characterizes his next request for relief as a "Brady violation" wherein he essentially argues that certain information was improperly withheld from the jury at trial. Webster did not raise this issue on direct appeal. Following the affirmance of his conviction on direct appeal, he filed a request for post-conviction relief in the state district court, which was denied. Thereafter, Webster appealed to the OCCA the state district court's denial of his request for post-conviction relief. However, the OCCA denied Webster's appeal as untimely under Rule 5.2(C) of the Oklahoma Rules of the Court of Criminal Appeals, because he failed to include with his appeal either the required filing fee or a completed affidavit to proceed in forma pauperis. See Okla. Stat. tit. 22, Ch 18, App. Rule 5.2(C)(2) ("If the post conviction appeal arises from a . . . regular felony conviction, [it] must be filed within thirty (30) days from the date [of] the final order of the District Court . . . ."); see also

Okla. Stat. tit. 22, Ch 18, App. Rule 1.11 ("A pleading shall not be considered filed . . . until such time as the filing fee is paid or an 'Affidavit in Forma Pauperis' is properly filed."). In that denial, the OCCA advised Webster that insofar as he sought to pursue his appeal further, he was required to apply to the state district court for a post-conviction appeal out of time. See Okla. Stat. tit. 22, Ch 18, App. Rule 2.1(E) ("A petitioner's right to appeal [out of time] is dependent upon the ability to prove he/she was denied an appeal through no fault of his/her own."). Webster filed such an application, arguing that he misunderstood when his thirty days to appeal began to run, that prison procedures hindered his timely compliance, and that the mail system generally failed. Nonetheless, the state district court rejected these arguments and denied Webster permission to file an untimely appeal.

Under the doctrine of procedural default, a federal court undertaking habeas review will not review a claim that has been defaulted in state court on an independent and adequate state procedural ground unless the petitioner demonstrates cause for default and actual prejudice, or, alternatively, demonstrates a fundamental miscarriage of justice. Coleman v. Thompson, 501 U.S. 722, 749-50 (1991). Here, in denying Webster's § 2254 petition, the district court correctly concluded that Webster's failure to seek timely appellate review in state court constituted a procedural default of his Brady claim. Duvall v. Reyonolds, 139 F.3d 768, 797 (10th Cir. 1998) (determining that Rule 5.2(C) is an independent and adequate state ground sufficient to bar habeas relief, absent a showing of cause and prejudice or,

alternatively, a miscarriage of justice). Applying the cause-and-prejudice test for overcoming procedural default, and recognizing that a state court's factual determination that an appeal was denied due to a petitioner's own fault is presumed to be correct, see 28 U.S.C. 2254(e)(1), the district court correctly concluded Webster had not demonstrated cause to overcome his procedural default. We too conclude that Webster failed to demonstrate cause and prejudice for his procedural default, or that failure to consider his claim will result in a fundamental miscarriage of justice. Accordingly, we conclude that Webster is not entitled to a COA on this ground because his claim is barred.

Webster's last argument is two-fold. Webster primarily argues that his trial counsel was ineffective because his counsel failed to move to suppress contraband evidence. As noted above, Webster raised this issue on direct appeal and the OCCA determined, in accord with applicable Supreme Court and Oklahoma precedent, that the evidence at issue had been abandoned and that the conduct of law enforcement was reasonable and lawful. In that same order, the OCCA held that there had been no ineffective assistance of counsel. In denying Webster's § 2254 petition, the district court determined that the OCCA reasonably applied Strickland v. Washington, 466 U.S. 668 (1984). We agree. Under the two-part test established by the Court in Strickland v. Washington, 466 U.S. 668 (1984), Webster must prove that "counsel's representation fell below an objective standard of reasonableness" and that "any deficiencies in counsel's performance [were] prejudicial to the

defense." Id. at 688, 692. We examine such claims with a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. In applying the Strickland standard, "we look to the merits of the omitted issue" in the context of counsel's overall defense strategy. Neill v. Gibson, 278 F.3d 1044, 1057 (10th Cir. 2001) (quoting Hooks v. Ward, 184 F.3d 1206, 1221 (10th Cir.1999)). Further deference is credited to the OCCA under AEDPA, in that we grant relief only if the OCCA unreasonably applied the Strickland standard. 28 U.S.C. § 2254(d)(1). Here, Webster cites no legal authority which would have supported his present Fourth Amendment argument, or which would have led to the suppression of evidence. As such, we too conclude that the OCCA reasonably applied Strickland.

Next, Webster attempts to raise numerous additional claims of ineffective assistance of counsel which he did not raise on direct appeal. Specifically, Webster alleges various instances of his trial counsel's failure to conduct a proper pre-trial investigation of his case. The record before us is unclear as to whether Webster raised these issues for the first time in his application for post-conviction relief or whether he raised these issues for the first time in his § 2254 petition.

In either event, we are prohibited from reviewing these claims on the merits. Assuming these issues were first raised in Webster's motion for post-conviction relief, they are procedurally barred for the same reasons Webster's Brady claim is barred, that is, because Webster failed to seek timely appellate review by the OCCA,

or to show cause and prejudice or a miscarriage of justice sufficient to overcome a procedural bar.[1]  Assuming that Webster failed to raise these additional allegations of ineffective assistance of counsel in his state court application for post-conviction relief, he has failed to exhaust his ineffective assistance of counsel claims. Smallwood, 191 F.3d at 1267 (holding ineffective assistance of counsel claim unexhausted where petitioner failed to properly raise before the state court any of the bases upon which ineffective assistance of counsel claim was based in § 2254 petition).  However, dismissal without prejudice for failure to exhaust state remedies is not appropriate if the state court would now find the claims procedurally barred on independent and adequate state procedural grounds.  Id.  Such is the case here, because, if Webster returned to state court to file a second application for post-conviction relief, he would be procedurally barred.  See id.; see also Okla. Stat. tit. 22, § 1086 (stating that a second post-conviction relief application cannot be based

---

[1] Our opinion in Breechen v. Reynolds, 41 F.3d 1343 (10th Cir. 1994) does not require a different result.  In Breechen, we held that an ineffective assistance of counsel claim may be considered on federal habeas review despite a state court finding that the claim was procedurally defaulted because it had not been raised on direct appeal.  Id. at 1363-64.  The decision reflected our concern that it would be unfair to limit such a claim to direct appeal in light of the need for additional fact-finding and the need to permit consultation with separate counsel to obtain an objective assessment of trial counsel's performance.  See Moore v. Reynolds, 153 F.3d 1086, 1096-97 (10th Cir. 1998).  Here, in contrast, we assume Webster's claim was considered on its merits in a state post-conviction proceeding, but was defaulted because he failed to timely appeal that decision.  The concerns in Brecheen, thus, are not implicated.  See Moore, 153 F.3d at 1096-97 (holding an ineffective assistance of counsel claim raised for the first time in a successive post-conviction petition was procedurally barred despite Breechen).

on claims that were not raised in an original, supplemental or amended application). Thus, in either event, this claim is procedurally barred.

Finally, even if we were to address Webster's additional allegations of ineffective assistance on the merits, we would conclude that they are facial, undeveloped and fail to show objectively ineffective representation by his trial counsel that resulted in prejudice. For all these reasons, we conclude that Webster is not entitled to a COA on his ineffective assistance of counsel claims.

In sum, Webster has failed to make a substantial showing of the denial of a constitutional right. Accordingly, we DENY Webster's application for a COA and DISMISS this matter.

Entered for the Court


Mary Beck Briscoe
Circuit Judge