**Michael Jesse MEEKS, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–81–49.**

Court of Criminal Appeals of Oklahoma.

Dec. 9, 1981.

Robert E. Prince, Prince & Brown, Lawton, for appellant.

Jan Eric Cartwright, Atty. Gen., Charles S. Rogers, Asst. Atty. Gen., Deputy Chief, Criminal Division, State of Oklahoma, Oklahoma City, for appellee.

OPINION

BUSSEY, Judge:

The appellant, Michael Jesse Meeks, was convicted of Possession of Marijuana with the Intent to Distribute, in violation of 63 O.S.1971, § 2–401, in the District Court of Comanche County, Case No. CRF–79–453. The appellant was sentenced to three (3) years' imprisonment and a two thousand five hundred dollar ($2,500.00) fine. At trial, the prosecution offered into evidence marijuana that had been seized by police during a search of an automobile in which the appellant was a passenger. The appellant is not an owner of the vehicle, and he specifically denied ownership of the marijuana.

Since we are not concerned with the issue of probable cause, only a brief description of the events that led to the search and seizure is deemed to be necessary. On the afternoon of September 26, 1979, Lawton Police Lieutenant Andy Forguson received information from an informant that the appellant would be leaving later that day for Oklahoma City to pick up marijuana and bring it back to Lawton. Forguson dispatched plain clothes officers Griffen and Adamson to run surveillance on the appellant's apartment in west Lawton. Later that evening, the officers witnessed the appellant and a companion exit the appel-

lant's apartment and leave in an automobile. The officers proceeded to follow the appellant, but subsequently lost contact with him. Officer Adamson was assigned to the turnpike toll booth near Chickasha, Oklahoma, to wait for the return of the appellant from Oklahoma City; about midnight, he observed the suspect automobile drive through the turnpike tollgate exit. Adamson followed the automobile and stopped it at Old Cache Road, in Lawton, as he had been instructed, where other police officers provided assistance. The occupants were ordered out of the car, the vehicle was searched and a plastic trash bag containing marijuana was seized from behind the passenger front seat.

Before trial, the appellant moved to suppress the marijuana seized from the car on the ground that the search violated the Fourth and Fourteenth Amendments. The appellant's motion was subsequently denied by the trial court.

In the appellant's first assignment of error, he contends that the trial court erred in denying his motion to suppress the evidence obtained from the illegal search and seizure. In moving to suppress the evidence on Fourth Amendment grounds, the appellant has assumed that he had standing to make such an objection. Whether the appellant had standing to bring a Fourth Amendment challenge must first be determined before an inquiry can be made concerning violations of his Fourth Amendment rights.

The United States Supreme Court in *Jones v. United States*, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960), stated that an individual has standing to bring a Fourth Amendment challenge if he is "legitimately on the premises searched," or if the "indictment itself charges possession." Therefore, *Jones*, established a two-legged rule of automatic standing to challenge an allegedly unlawful search. The court later repudiated the "legitimately on premises" leg of the *Jones*, automatic standing rule in *Rakas v. Illinois*, 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978). In *Rakas*, the court

stated that the phrase "legitimately on premises," coined in *Jones*, creates too broad a gauge for measurement of Fourth Amendment rights." According to *Rakas*, the fact that one was legitimately on the premises does not, of itself, confer standing; rather, it supports the proposition that one had a legitimate expectation of privacy. Therefore, under *Rakas*, a showing of a legitimate expectation of privacy will be required to claim the protection of the Fourth Amendment.

*Rakas*, did not speak to the second leg of the *Jones*, automatic standing rule, i.e. possession. The possession issue was resolved in *United States v. Salvucci*, 448 U.S. 83, 100 S.Ct. 2547, 65 L.Ed.2d 619 (1980), where the court stated that: "Defendants charged with crimes of possession may only claim the benefits of the exclusionary rule if their own Fourth Amendment rights have in fact been violated. The automatic standing rule of *Jones v. U. S.*, is therefore overruled."

In *Salvucci*, the court stated that the reasons for the *Jones*, automatic standing rule no longer exists. The court in *Jones*, found that possessory offenses presented a special problem requiring automatic standing. The problem facing *Jones*, was that in order for a defendant to establish standing at a hearing on a motion to suppress, he would often be forced to allege facts that could be used to convict him. Also, the court reasoned that the government should not be able to assert the contrary position, that the defendant possessed the goods for purposes of criminal liability, while also asserting that he did not possess them for the purpose of claiming Fourth Amendment protection. This problem was resolved in *Simmons v. United States*, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968), wherein the court stated: "When a defendant testifies in support of a motion to suppress on Fourth Amendment grounds his testimony may not thereafter be admitted against him at a trial on the issue of guilt unless he makes no objection."

■ Therefore, the Supreme Court rejects "blinded adherence" to the underlying

assumptions in *Jones*, that being legitimately on premises, or having possession of seized goods, beckons Fourth Amendment attention. Rather, the inquiry will be whether the defendant had a legitimate expectation of privacy.

█ In the case at bar, the appellant relied upon automatic standing because he was charged with a possession crime. The situation is analogous to *Salvucci*, where a defendant was charged with unlawful possession of stolen mail. Also in *Salvucci*, the evidence was seized by police pursuant to a warrant, during a search of an apartment rented by the defendant's mother. The defendants, believing that they had automatic standing, filed a motion to suppress on the ground that there was insufficient probable cause to support the warrant. The court found that the defendants did not have automatic standing, and, since they did not show a legitimate expectation of privacy, their conviction was affirmed. In the instant case, since the appellant relied upon automatic standing and did not attempt to establish that he had a legitimate expectation of privacy, under *Salvucci*, his first assignment of error must fail.

█ The appellant asserts in his second assignment of error that the trial court erred in admitting hearsay testimony of Lieutenant Forguson. The officer testified that he received information that the appellant would leave Lawton and go to Oklahoma City to pick up, and bring back, marijuana.[1] We agree with the appellant that the police officer's testimony concerning statements made by the confidential informant was hearsay. However, it has long been the rule in this State that the admission of hearsay evidence is not grounds for reversal unless the appellant was injured

thereby. *Drennon v. State*, 581 P.2d 901 (Okl.Cr.1978).

At trial, the testimony was introduced to show probable cause for the actions of the police officers. Since we have already concluded that the issue of probable cause is not relevant to this case, any testimony that was introduced to show probable cause was irrelevant. The remaining inquiry is whether the introduction of the hearsay testimony was so prejudicial to the appellant's rights that it would warrant reversal.

█ The hearsay testimony directly linked the appellant with the marijuana, which therefore went to the guilt or innocence of the appellant. We hold that the testimony should have been excluded, and that its introduction at trial requires reversal.

For the above and foregoing reasons, this case is REVERSED to the District Court of Comanche County, and REMANDED with instructions that the appellant is to stand trial with the exclusion of the hearsay statements testified to by *Officer Forguson*.

---

1. The hearsay testimony was as follows: (Tr. 79)

   Q. (By Mr. Tannery) Would you please answer the question.
   A. (By Officer Forguson) Okay, on that particular day, I received information that a certain individual would be leaving Lawton en route to Oklahoma City to pick up and bring back some marijuana.
   Q. And did you receive the name of the person?
   A. Yes, sir, I did.
   Q. Who was that?
   A. The name I received was Michael Meeks.