**Eugene FINCH and Vesta Mae Finch, Appellants,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–80–541.**

Court of Criminal Appeals of Oklahoma.

May 11, 1982.

Bill Settle, Muskogee, for appellant.

Jan Eric Cartwright, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

CORNISH, Judge:

The appellants appeal their convictions rendered in the District Court of Muskogee County for Knowingly Concealing Stolen Property. All cases were tried to the court at one time. Eugene Finch was convicted in CRF–78–408 and CRF–78–409; Vesta Mae Finch was convicted in CRF–79–12 and CRF–79–13. In each of the cases the appellants both received concurrent five-year sentences with four years suspended.

The appellants' first three propositions deal with the questions of whether the warrantless arrest of Eugene Finch violated his constitutional rights; and whether the warrantless seizure of stolen automobiles parked at the appellants' home was the result of an illegal search and seizure.

Several vehicles suspected to have been stolen were parked in the driveway of the appellants' residence. Acting on police information, the arresting officer, a highway patrolman, observed the license tag numbers of the cars from the street. He ran a check on the tag numbers to confirm that they were stolen. For three to four days the residence was kept under surveillance because police believed that one of the sto-len vehicles would soon be used to transport stolen goods to Tulsa.

The trooper made the warrantless arrest within approximately three hours of learning that one of the residents was aware of the surveillance. He testified that it took that amount of time to organize a group of local law enforcement officers to drive to the scene.

Eugene Finch argues that the warrantless seizure of the vehicles from his residence was unreasonable under the Fourth Amendment and that the evidence relating to them should have been excluded.

In evaluating the appellant's Fourth Amendment claim we turn to the leading case on the coverage of the Fourth Amendment, *Katz v. U. S.*, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967), where the Supreme Court held that "[w]hat a person knowingly exposes to the public, even in his own home or office, is not a subject of Fourth Amendment protection." The Supreme Court has also repeatedly held that the primary objective of the Fourth Amendment is not protection of property rights, but protection of privacy. *Warden v. Hayden*, 387 U.S. 294, 87 S.Ct. 1642, 18 L.Ed.2d 782 (1967); *Cardwell v. Lewis*, 417 U.S. 583, 94 S.Ct. 2464, 41 L.Ed.2d 325 (1974).

In *Tate v. State*, 544 P.2d 531 (Okl.Cr. 1975), to determine whether a reasonable expectation of privacy existed, we applied a test generally derived from Justice Harlan's concurring opinion in *Katz*, supra;

[T]here is a twofold requirement, first that a person have exhibited an actual (subjective) expectation of privacy and, second, that the expectation be one that society is prepared to recognize as reasonable.

Justice Harlan went on to illustrate his point by stating that "a man's home is, for most purposes, a place where he expects privacy, but objects, activities, or statements that he exposes to the 'plain view' of outsiders are not 'protected' because no intention to keep them to himself has been exhibited."

■ A reasonable expectation of privacy, not common law property distinctions, controls the scope of the Fourth Amendment. *U. S. v. Magana*, 512 F.2d 1169 (9th Cir.), *cert. denied*, 423 U.S. 826, 96 S.Ct. 42, 46 L.Ed.2d 43 (1975). There the Ninth Circuit wrote:

> A driveway is only a semiprivate area. The expectation of privacy which a possessor of land may reasonably have while carrying on activities on his driveway will generally depend upon the nature of the activities and the degree of visibility from the street. It would be equally unwise to hold, as a matter of law, that all driveways are protected by the Fourth Amendment from all penetrations by police officers as to hold that no driveway is ever protected from police incursions. The test in each case would be that of reasonableness, both the possessor's expectations of privacy and of the officers' reasons for being on the driveway.

■ Furthermore, a technical trespass should not necessarily be deemed a fourth amendment search when no expectations of privacy are disappointed. *United States v. Polk*, 433 F.2d 644 (5th Cir. 1970).

■ The record indicates that Eugene Finch did not attempt to preserve any privacy with regard to the stolen vehicles which were parked in his driveway in full view of the public. They were therefore not subject to fourth amendment protection. *See Dick v. State*, 596 P.2d 1265 (Okl. Cr.1979); *Tate v. State, supra.*

■ We likewise hold that there was no illegality in the warrantless arrest of Eugene Finch on his doorsteps. In *United States v. Santana*, 427 U.S. 38, 96 S.Ct. 2406, 49 L.Ed.2d 300 (1976), the Supreme Court relying on *Katz*, held that there was no reasonable expectation of privacy in the doorway of one's home; consequently, the warrantless felony arrest of the defendant, Santana, in her doorway did not violate the Fourth Amendment:

> While it may be true that under the common law of property the threshold of one's dwelling is "private," as is the yard surrounding the house, it is nonetheless clear that under the cases interpreting the Fourth Amendment Santana was in a 'public' place. She was not in an area where she had any expectation of privacy.

■ Additionally, the fact that the police might have had sufficient time to obtain a warrant is not controlling. In *United States v. Watson*, 423 U.S. 411, 96 S.Ct. 820, 46 L.Ed.2d 598 (1976), the Supreme Court wrote that law enforcement officers may find it wise to seek arrest warrants where practicable to do so; that their judgments about probable cause may be more readily accepted where backed by a warrant issued by a magistrate. But the Court further stated:

> [W]e decline to transform this judicial preference into a constitutional rule when the judgment of the Nation and Congress has for so long been to authorize warrantless public arrests on probable cause rather than to encumber criminal prosecutions with endless litigation with respect to the existence of exigent circumstances, whether it was practicable to get a warrant, whether the suspect was about to flee, and the like.

We accordingly find no impropriety in the admission of evidence and testimony relating to these issues.

■ Next the appellants complain that the verdict is not supported by the evidence, claiming that the elements in 21 O.S.1981, § 1713(2) were not proven by the State. We disagree. The evidence presented by the State was sufficient to prove to the jury beyond a reasonable doubt that the appellants knew or had reasonable cause to believe that the items were stolen. Where there is evidence from which the trier of fact could conclude that the defendant was guilty as charged, this Court will not interfere with the verdict even though there may be sharp conflicts in the evidence. *Renfro v. State*, 607 P.2d 703 (Okl.Cr.1980).

Finally, the complaint of excessive punishment does not warrant discussion.

The judgment and sentence is therefore AFFIRMED.

BUSSEY, J., concurs.

BRETT, P. J., dissents.