Kerry Lala EDWARDS, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–81–708.

Court of Criminal Appeals of Oklahoma.

Oct. 5, 1982.

Thomas J. Ray, Jr., Asst. Public Defender, Oklahoma County, Oklahoma City, for appellant.

Jan Eric Cartwright, Atty. Gen., Scott G. Ray, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

On appeal from his conviction for Concealing Stolen Property, After Former Conviction of a Felony, in the District Court of Oklahoma County, Case No. CRF–81–2132, defendant, as his sole assignment of error, asserts that an illegal search and seizure was the basis for his conviction.

The record reveals that during the defendant's trial at the conclusion of the evidence presented by the State, an oral motion was made to suppress the stolen ring which was the subject of the prosecution. The motion was based solely on the testimony elicited from the State's witnesses. In conjunction with his motion to suppress, defendant also demurrered to the evidence and moved that the case be dismissed.

The facts surrounding the discovery of the ring and defendant's arrest, as shown at trial by the State's witnesses, are brief. The first witness testified that someone had come through a window into her home and had taken her ring while she was working in her yard. A police officer testified that he had stopped a car in which the defendant was a passenger for a muffler violation. The driver had gotten out and was standing beside the car when the officer noticed the defendant take an object out of his mouth and place it underneath the car's floor mat. Thinking that the object may have been drugs, the officer looked and found the ring. Unsatisfied with the defendant's explanation that he had found the ring in front of a bar, which the officer knew did not exist, the defendant was placed under arrest.

■ Before this Court will look to an alleged Fourth Amendment violation, it must first be determined whether the defendant had a legitimate expectation of privacy in the place searched. *Meeks v. State,* 637 P.2d 1259 (Okl.Cr.1981). Furthermore, the defendant has the burden of proving that he had a legitimate expectation of privacy in the area searched. *Rawlings v. Kentucky,* 448 U.S. 98, 100 S.Ct. 2556, 2566, 65 L.Ed.2d 633 (1980). The test this Court has applied in determining whether a reasonable expectation of privacy exists was set forth in *Finch v. State,* 644 P.2d 1378 (Okl.Cr.1982) as follows:

In *Tate v. State,* 544 P.2d 531 (Okl.Cr. 1975), to determine whether a reasonable expectation of privacy existed, we applied a test generally derived from Justice Harlan's concurring opinion in *Katz* [*v. U.S.,* 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576], supra;

[T]here is a twofold requirement, first that a person have exhibited an actual (subjective) expectation of privacy and second, that the expectation be one that society is prepared to recognize as reasonable.

Justice Harlan went on to illustrate his point by stating that "a man's home is, for most purposes, a place where he expects privacy, but objects, activities, or statements that he exposes to the 'plain view' of outsiders are not 'protected' because no intention to keep them to himself has been exhibited."

In the instant case, defendant was merely a passenger in another person's automobile. Defendant's furtive movements in hiding the ring were made in full view of an officer who was in a place in which he had a right to be. Although defendant may have desired and even hoped for privacy in the automobile when he placed the ring under the mat, this is not an expectation of privacy which society is prepared to accept as reasonable. The mere fact that a person is legitimately a passenger in an automobile does not of itself create grounds for standing to assert an alleged Fourth Amendment claim. *Meeks v. State,* supra. By failing to establish that he had a legitimate expectation of privacy in the area searched, defendant has precluded this court from further consideration of his Fourth Amendment challenge.

Accordingly, we find defendant's sole assignment of error to be without merit.

For the reasons herein stated, the judgment and sentence appealed from should be and the same is hereby Affirmed.

BRETT, P.J., and CORNISH, J., concur.