433 So.2d 1271 (1983)
Roger Garrett SPROWLS, Appellant,
v.
The STATE of Florida, Appellee.
No. 82-295.
District Court of Appeal of Florida, Third District.
June 28, 1983.
Bennett H. Brummer, Public Defender and John H. Lipinski, Sp. Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen. and Charles A. Stampelos and William Thomas, Asst. Attys. Gen., for appellee.
Before BARKDULL, HUBBART and NESBITT, JJ.
NESBITT, Judge.
The defendant checked his personal luggage with a commercial air carrier at Miami International Airport. The police, suspecting the defendant might be a drug courier, removed his suitcase from the airline baggage room for presentation to a trained narcotics dog by way of a "baggage lineup." A police officer then stood astride the suitcases and pressed his hands against their sides, forcing air from within to be expelled so as to enhance the ability of the *1272 trained dog to detect any contraband. On the second run past the lineup, the dog "alerted" on the defendant's suitcase, upon which police obtained a search warrant to inspect its contents. The search revealed a quantity of cocaine.
The only point with which we are concerned here is whether the ventilation or "prepping" of the defendant's luggage constituted an unreasonable search and seizure within the meaning of the Fourth Amendment to the Constitution of the United States and Article I, Section 12 of the Florida Constitution. We adopt the reasoning of United States v. Viera, 644 F.2d 509 (5th Cir.), cert. denied, 454 U.S. 867, 102 S.Ct. 332, 70 L.Ed.2d 169 (1981) in recognizing that this type of investigative procedure is such a de minimis intrusion as not to constitute a search and seizure within the respective constitutional prohibitions.
The judgment of conviction and sentence are affirmed.
HUBBART, Judge (dissenting).
I must respectfully dissent. I would reverse the judgment of conviction and sentence under review and discharge the defendant from the cause.
The police, in my view, conducted a "seizure" of the defendant's suitcase within the meaning of the Fourth Amendment to the United States Constitution and Article I, Section 12 of the Florida Constitution, when Officer Pearson [as stated in the stipulated set of facts herein, taken from Officer Pearson's pre-trial deposition]
"went to the Pan Am baggage room and removed the [d]efendant's bag 30 feet from the baggage cart and put it in a `lineup' with 5 other bags (Pearson, 9/2/81, p. 13).
After Pearson lined the suitcases up, he straddled each of the bags and hit it with both hands `the best that he could' to ventilate it and to allow any smell that may be inside of it to permeate to the outside `because it was something that the dog handler had indicated that it's a preferential thing to do.' (Pearson, 9/2/81, p. 18-20), knowing that some suitcases leak more than others (Pearson, 9/2/81, p. 21)." (R. 17)
Based on our decision in State v. Goodley, 381 So.2d 1180 (Fla. 3d DCA 1980), it is plain that Officer Pearson conducted no "seizure" of the defendant's suitcase, within the meaning of the above-stated federal and state constitutional provisions, when he took the suitcase off the baggage cart and transported it a short distance (30 feet) therefrom to the "dog sniff" baggage lineup in the Pan Am baggage room. As we held in Goodley, an air traveler who checks his bag in with the airline has "no real concern as to precisely where his bag may be located within the airline's custody at any given time," and, therefore, has no reasonable expectation of privacy as to physical movements of his bag within the airline baggage room. 381 So.2d at 1182.
It seems equally plain that Officer Pearson did conduct a "seizure" of the defendant's suitcase, within the meaning of the above-stated federal and state constitutional provisions, when he straddled the suitcase after placing it in the lineup and simultaneously struck it on both sides with his hands in order to force out aromas in the suitcase for the narcotics dog to sniff. An air traveler who checks his bag in with the airlines surely has a right to expect that his luggage will not be manhandled in this fashion. Agreed, he transfers physical custody of his bag to the airline for safe transport to his destination and in so doing has no privacy interest in the physical movements of the bag within the airline baggage room. He does not, however, consent to airline employees or anyone else intentionally striking or mistreating his bag as was accomplished in this case. Indeed, quite the opposite; he expects that his luggage will be treated with some degree of care and concern. When, as here, police intentionally do physical violence to an air traveler's suitcase, they are exercising dominion and control over the suitcase beyond that normally expected by an air traveler, and have, therefore, "seized" it in the constitutional sense. See State v. Mosier, 392 So.2d 602, 605 (Fla. 3d DCA 1981). To the extent that *1273 United States v. Viera, 644 F.2d 509 (5th Cir.), cert. denied, 454 U.S. 867, 102 S.Ct. 332, 70 L.Ed.2d 169 (1981), reaches a different result, I would decline to follow that decision.
All else follows from a determination that the defendant's suitcase was "seized" by the police prior to the "dog sniff" of the suitcase. There was clearly no probable cause for the seizure of the suitcase, which necessarily tainted the subsequent "dog sniff" of the suitcase, which necessarily invalidated the search warrant for the suitcase as it was based entirely on the fruits of the "dog sniff." See State v. Mosier, supra; W. LaFave, Search and Seizure 282 (1978). The defendant's motion to suppress the fruits of the search herein should, therefore, have been granted. As the fruits of this search represent the entire case against the defendant, I would reverse the conviction and sentence herein and remand with directions to discharge the defendant.