**Artlett Willis SMITH, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–83–483.**

Court of Criminal Appeals of Oklahoma.

July 16, 1985.

Thomas J. Ray, Jr., Asst. Public Defender, Oklahoma City, for appellant.

Michael C. Turpen, Atty. Gen., Thomas L. Spencer, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, Artlett Willis Smith, hereinafter referred to as the defendant, was convicted of Possession of a Controlled Dangerous Substance with Intent to Distribute, in the District Court of Oklahoma County, Case No. CRF–82–5058, and was sentenced to six (6) years imprisonment. He now appeals.

The record establishes that at approximately noon on October 7, 1982, as Oklahoma City veteran police officers, Paul Taylor and Ron Bell, approached the intersection of N.E. 5th and Central in their patrol car, Officer Taylor observed two males seated on the front porch of a corner house which had a reputation as a place where prostitutes, drug dealers, and drug users frequented.

The officer related that he did not know who resided in the house, but he immediately recognized the men, as he had seen them on many occasions and had recently arrested the defendant.

Officer Taylor testified that he saw the defendant suddenly move his hands behind his back, bend down and throw a clear plastic bag to the ground in front of the porch. Both officers immediately left their patrol car to investigate. The investigation revealed the "baggie" contained several folded paper packets which held a white powdery substance that the officers believed to be cocaine. The defendant was then arrested.

It was stipulated that if Thomas Cupick, a forensic chemist, were to testify he would state the "baggie" contained .1 gram of cocaine.

In the defendant's only assignment of error, he contends that the trial court erred in denying his motion to suppress the contraband. He argues the confiscation of the "baggie" in the yard of the house was an illegal search and seizure.

Before this Court will look to an alleged Fourth Amendment violation, it must be determined whether the defendant had a legitimate expectation of privacy which was intruded. *Edwards v. State,* 651 P.2d 1335 (Okl.Cr.1982); *Meeks v. State,* 637 P.2d 1259 (Okl.Cr.1981). Further, the defendant has the burden of showing he had a reasonable expectation of privacy. *Edwards v. State,* supra, *Rawlings v. Kentucky,* 448 U.S. 98, 100 S.Ct. 2556, 65 L.Ed.2d 633 (1980). The test this Court has applied to determine whether a reasonable expectation of privacy exists is a twofold requirement test. First, the person must have exhibited an actual (subjective) expectation of privacy and second, the expectation must be one that society is prepared to recognize as reasonable. *Edwards v. State,* supra; *Tate v. State,* 544 P.2d 531 (Okl.Cr.1975).

In the instant case, no evidence was introduced regarding whether the defendant owned or lived in the house or whether he was even a guest in the house. Moreover, the defendant does not assert he took precautions to maintain his privacy. Although he may have desired privacy when he openly threw the "baggie" onto the ground, this is not a reasonable expectation society is prepared to accept. Simply sitting on the front porch of a house does not in itself create grounds for standing to assert a Fourth Amendment claim.

Accordingly, we find that the defendant has failed to demonstrate that he had a reasonable expectation of privacy which was violated. This assignment of error is without merit.

The judgment and sentence appealed from is AFFIRMED.

PARKS, P.J., and BRETT, J., concur.