**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Manuel GARCIA, Defendant–Appellant.**

No. 94–2021.

United States Court of Appeals, Tenth Circuit.

Dec. 9, 1994.

to suppress, ruling that the dog sniff did not constitute a search.

Stephen P. McCue, Asst. Federal Public Defender, Albuquerque, NM, for defendant-appellant.

Robert D. Kimball, Asst. U.S. Atty. (John J. Kelly, U.S. Atty., with him on the brief), Albuquerque, NM, for plaintiff-appellee.

Before ANDERSON and LOGAN, Circuit Judges, and SAFFELS, District Judge.*

LOGAN, Circuit Judge.

Defendant Manuel Garcia appeals the denial of his motion to suppress. He entered a conditional guilty plea to possession with intent to distribute less than fifty kilograms of marijuana, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(D). The only issue on appeal is whether a dog sniff of checked luggage in a train baggage car violates the Fourth Amendment when the government lacks reasonable suspicion before the sniff.

## I

Defendant (traveling as George Ortiz) was a passenger on an Amtrak train that passed through New Mexico. While the train was stopped in Albuquerque, Detective Don Roberts, a local narcotics officer, received permission from an Amtrak attendant to enter the baggage car. Officer Roberts took a trained, certified drug detection dog into the baggage car to check for the odor of controlled substances. The car contained checked baggage and was not accessible to the public. The dog alerted on two suitcases with claim check tags showing a Joliet, Illinois, destination.

Based on this information, Detective Sam Candeleria, also of the Albuquerque Police Department, approached defendant and obtained his consent to search the bags. When the bags were found to contain approximately fifty-three pounds of marijuana, defendant was arrested and indicted for possession with intent to distribute a controlled substance. The district court denied defendant's motion

## II

On appeal from the denial of a motion to suppress we review the district court's findings of fact for clear error and review the Fourth Amendment reasonableness finding de novo. *United States v. Betancur,* 24 F.3d 73, 76 (10th Cir.1994). Defendant argues that conducting a dog sniff of checked luggage in a baggage car without reasonable suspicion is unreasonable as a matter of law and violates the Fourth Amendment.

"The Fourth Amendment protects people from unreasonable government intrusions into their legitimate expectations of privacy." *United States v. Place,* 462 U.S. 696, 706–07, 103 S.Ct. 2637, 2644, 77 L.Ed.2d 110 (1983) (quotations and citation omitted). A subjective expectation of privacy is protected "only if society recognizes that expectation as reasonable or justifiable." *United States v. Ludwig,* 10 F.3d 1523, 1527 (10th Cir.1993) (citing *Oliver v. United States,* 466 U.S. 170, 177, 104 S.Ct. 1735, 1740–41, 80 L.Ed.2d 214 (1984), and *Smith v. Maryland,* 442 U.S. 735, 99 S.Ct. 2577, 61 L.Ed.2d 220 (1979)).

Both defendant and the government cite *United States v. Place* to support their arguments. In *Place,* law enforcement officers at an airport, having a reasonable suspicion that luggage contained narcotics, subjected it to a dog sniff. On review, the Supreme Court stated that "exposure of respondent's luggage, which was located in a *public* place, to a trained canine—did not constitute a 'search' within the meaning of the Fourth Amendment." 462 U.S. at 707, 103 S.Ct. at 2645 (emphasis added). Relying on *Place,* we held that a dog sniff of a car in a motel parking lot did not require reasonable suspicion. *Ludwig,* 10 F.3d at 1527. Defendant distinguishes those cases as involving a public area, whereas here the dog sniff was in a nonpublic baggage car. We have not previously addressed this precise issue. *See United States v. Williams,* 726 F.2d 661, 663

* The Honorable Dale E. Saffels, Senior United States District Judge, United States District Court for the District of Kansas, sitting by designation.

(10th Cir.) (not reaching defendant's assertion that reasonable suspicion was required before police conduct dog sniff of luggage because court found there was reasonable suspicion), *cert. denied,* 467 U.S. 1245, 104 S.Ct. 3523, 82 L.Ed.2d 830 (1984).

In *United States v. Colyer,* 878 F.2d 469 (1989), the D.C. Circuit addressed the question whether a dog sniff of the air outside a sleeper car was a search for Fourth Amendment purposes. There, as here, the defendant asserted that *Place* did not control because the sniff did not occur in a "public" place. The *Colyer* court stated that "the question is not whether the sleeper compartment was somehow 'private space' in the abstract, but instead whether [the defendant's] reasonable expectations were invaded" by the sniff. *Id.* at 475. The court determined that the canine sniff of the air outside the defendant's sleeper car did not violate his reasonable expectation of privacy.

We believe that defendant had a reasonable expectation when he checked his bags that "the contents of that luggage [would] not be exposed in the absence of consent or a legally obtained warrant." *United States v. Lovell,* 849 F.2d 910, 912 (5th Cir.1988). But defendant's expectation of privacy did not extend to the air surrounding the luggage. *See United States v. Morales–Zamora,* 914 F.2d 200, 205 (10th Cir.1990) ("when odor of narcotics escapes from interior of a vehicle, society does not recognize a reasonable privacy interest in the public airspace containing the incriminating odor").

Defendant's reliance on *United States v. Thomas,* 757 F.2d 1359 (2d Cir.), *cert. denied,* 474 U.S. 819, 106 S.Ct. 66, 88 L.Ed.2d 54 (1985), is misplaced. In *Thomas,* a dog sniff outside an apartment in a nonpublic hallway was held to constitute a search. *Id.* at 1366–67. That holding, however, focused on the heightened expectation of privacy inside a dwelling. The *Thomas* court recognized that "[w]hile one generally has an expectation of privacy in the contents of personal luggage, this expectation is much diminished when the luggage is in the custody of an air carrier at a public airport." *Id.* Several other circuits have determined that a dog sniff in a baggage area does not constitute a search for Fourth Amendment purposes, even absent reasonable suspicion. *See, e.g., United*

*States v. Massac,* 867 F.2d 174, 176 (3d Cir. 1989) (sniff test of luggage in custody of common carrier; no determination of prior reasonable suspicion); *United States v. Lovell,* 849 F.2d at 912 (agents taking bags from airport conveyor belt and squeezing and smelling them); *United States v. Beale,* 736 F.2d 1289, 1292 (9th Cir.) (in banc) (dog sniff of luggage checked at airport; majority did not address whether reasonable suspicion was required), *cert. denied,* 469 U.S. 1072, 105 S.Ct. 565, 83 L.Ed.2d 506 (1984); *see also United States v. Harvey,* 961 F.2d 1361, 1362–63 (8th Cir.) (canine sniff of overhead baggage area in bus without reasonable suspicion not search for Fourth Amendment purposes), *cert. denied,* —— U.S. ——, 113 S.Ct. 238, 121 L.Ed.2d 173 (1992); *cf. United States v. Garcia,* 849 F.2d 917, 919 (5th Cir. 1988) (border patrol agent's sniff of bag removed from baggage holding area not search or seizure); *United States v. Race,* 529 F.2d 12, 14 n. 2 (1st Cir.1976) (routine check of commingled international and domestic freight in airline warehouse not Fourth Amendment violation).

We reject defendant's attempt to distinguish an airline baggage area from a train baggage car; neither is "private" in the sense of a dwelling or hotel room. The entry by the police into the car was authorized by Amtrak and therefore was legal. *See Ludwig,* 10 F.3d at 1525–26. The police access to the baggage car and subsequent dog sniff did not invade defendant's home or bodily integrity, and did not subject defendant to any inconvenience or annoyance. *See Morales–Zamora,* 914 F.2d at 205; *see also Colyer,* 878 F.2d at 476 (dog sniff of public train corridor not a search; court noted that sniff caused "no annoyance" and "rarely even contact with the owner of the bags," and therefore limited potential for harassment). The dog sniff of luggage in the train's baggage car without reasonable suspicion did not violate defendant's Fourth Amendment right to be free from unreasonable search and seizure.

AFFIRMED.