**Mark Lee SCOTT, Appellant,**

v.

**The STATE Of Oklahoma, Appellee.**

**No. F95–1025.**

Court of Criminal Appeals of Oklahoma.

Nov. 12, 1996.

Rehearing Denied Dec. 9, 1996.

## *ACCELERATED DOCKET ORDER*

Appellant was tried by jury and convicted in the District Court of Oklahoma County, Case No. CF–95–1572, of Possession of CDS (Marijuana) With Intent to Distribute, and was sentenced September 5, 1995, to five (5) years imprisonment and a $7,500.00 fine. From this Judgment and Sentence, Appellant has perfected this appeal.

Appellant made application for this appeal to be placed on the Accelerated Docket pursuant to 22 O.S.Supp.1995, Ch. 18, App., *Rules of the Court of Criminal Appeals,* Rule 11.3. No objection was made by Appellee. The propositions of error were presented to this Court in oral argument July 25, 1996, pursuant to Rule 11.2(F). Appellant raised three propositions of error on appeal:

1. A question of first impression for this Court is whether the suspicionless, warrantless, dragnet-style sweep of buses at the Oklahoma City Bus Station is consistent with art. 2, § 30, of the Oklahoma Constitution and the Fourth Amendment to the United States Constitution. Detective Ken Whitebird's nonconsensual, warrantless and suspicionless removal of the tweed bag from the baggage compartment underneath the bus and his subsequent "plain feel" of the tweed bag without probable cause to believe it contained contraband or reasonable suspicion to temporarily detain it to facilitate a dog sniff was an illegal search and seizure in violation of art. 2, § 30, of the Oklahoma Constitution and the Fourth Amendment to the United States Constitution. Because the evidence on which [Appellant's] conviction was based was obtained during an unlawful search or seizure, [Appellant's] conviction must be reversed and remanded with instructions to dismiss.

2. With or without the unlawfully seized marijuana, the Sate failed to present sufficient evidence from which a rational trier of fact could find beyond a reasonable doubt two essential elements of possession of marijuana with intent to distribute: (1) [Appellant's] possession of marijuana; and (2) with the intent to distribute. Therefore, [Appellant's] conviction must be reversed and remanded with instructions to dismiss.

3. The $7,500.00 fine and costs imposed upon [Appellant], an indigent, is excessive and/or disproportionate to the gravity of his offense and should be vacated or modified under art. 2, § 9, of the Oklahoma Constitution and the Eighth and Fourteenth Amendments to the United States Constitution. Alternatively, Appellant requests that this matter be remanded to the trial court for a hearing to determine whether the fine and/or costs should be vacated or modified.

Following oral argument, the matter was taken under advisement. On September 3, 1996, the State's motion to file a supplement to its response to Proposition I was granted. Appellant's supplemental brief was filed September 13, 1996.

Testimony in this case reflects that the Oklahoma City Police Department Drug Interdiction Unit, with the cooperation of the bus lines, works the Union Bus Station in downtown Oklahoma City on a daily basis. The Drug Interdiction Unit primarily meets buses originating from cities known to distribute large amounts of narcotics. Once a targeted bus has arrived, the Unit will observe the passengers deboard, looking for any suspicious activity. Two officers will then board the bus and pull the bags from the overhead compartments so that a drug dog can sniff the bags. One or two other officers will work the undercarriage of the bus, pulling the bags so that the drug-detecting dog can sniff these bags. When the bags are pulled, the officers look for bags that are unusually heavy. If a bag is soft-sided, the officer will squeeze the bag and smell.

In the present case, after removing the bag from the undercarriage of the bus, the officer squeezed the bag in question, smelled it, and felt a large brick-like object on the bottom of the bag. The officer was not positive that it was marijuana or a bundle of narcotics, but he stated that he had a reasonable suspicion. This bag and one or two others were pulled out from under the bus so the drug-detecting dog could smell them. The police dog then had a positive response to the bag in question.

■ Appellant argues in his first proposition of error that the removal of the tweed bag from the baggage compartment underneath the bus and the subsequent manipulation of the tweed bag without probable cause and before a hit by a drug dog was an illegal search and seizure.

As this Court set forth in *Smith v. State,* 702 P.2d 1063, 1064 (Okl.Cr.1985):

Before this Court will look to an alleged Fourth Amendment violation, it must be determined whether the defendant had a legitimate expectation of privacy which

was intruded. *Edwards v. State*, 651 P.2d 1335 (Okl.Cr.1982); *Meeks v. State*, 637 P.2d 1259 (Okl.Cr.1981). Further, the defendant has the burden of showing he had a reasonable expectation of privacy. *Edwards v. State*, supra, *Rawlings v. Kentucky*, 448 U.S. 98, 100 S.Ct. 2556, 65 L.Ed.2d 633 (1980). The test this court has applied to determine whether a reasonable expectation of privacy exists is a twofold requirement test. First, the person must have exhibited an actual (subjective) expectation of privacy and second, the expectation must be one that society is prepared to recognize as reasonable. *Edwards v. State*, supra; *Tate v. State*, 544 P.2d 531 (Okl.Cr.1975).

■ A dragnet-style sweep of buses at the Oklahoma City Bus Terminal is not, per se, unconstitutional. *See Florida v. Bostick*, 501 U.S. 429, 111 S.Ct. 2382, 115 L.Ed.2d 389 (1991). The procedures utilized are within the parameters established through caselaw interpreting the Fourth Amendment to the U.S. Constitution and art. 2, § 30, of the Oklahoma Constitution. However, as gatekeepers to the rights afforded through these constitutional protections, the courts must be ever vigilant to ensure law enforcement does not step outside the boundaries of acceptable conduct established by caselaw. Therefore, it is imperative that the facts of each case be carefully scrutinized to ensure each individual's Fourth Amendment rights have been protected.

The facts of the present case, however, as they relate to Appellant's first proposition of error, do not present a search and seizure question.[1]

■ It is not disputed that a canine sniff of luggage in custody of a common carrier without reasonable suspicion does not constitute a search within the meaning of the Fourth Amendment. *See United States v. Place*, 462 U.S. 696, 706–707, 103 S.Ct. 2637, 2644, 77 L.Ed.2d 110 (1983)[2]; *United States v. Garcia*, 42 F.3d 604 (10th Cir.1994)[3]. However, Appellant argues that manipulation of the bag, without probable cause, preceding the drug-dog sniffing the selected bags, was an illegal search and seizure. We disagree.

The drug sweeps at the Oklahoma City Bus Terminal are being carried out with the permission of the bus lines. Once a bag is released into the custody of the busline by checking it with an agent of the company, the owner of the bag can no longer control who actually handles the bag. There is no reasonable expectation that the bag will not be moved or handled.

We agree with the 5th Circuit's analysis in *United States v. Viera*, 644 F.2d 509 (5th Cir.1981), and *U.S. v. Lovell*, 849 F.2d 910 (5th Cir.1988), as to the issue of "prepping" or "palpitating" luggage. The brief removal of a bag from the underbelly of the bus and a light press of the hands[4] along the outside of a suitcase, authorized by the busline, is not sufficiently intrusive to be considered a search or a seizure subject to the safeguards of the Fourth Amendment. *See also State v. Millan*, 185 Ariz. 398, 916 P.2d 1114 (App. Div.1 1995); *Sprowls v. State*, 433 So.2d 1271

---

1. As we do not have a search and seizure violation, it is not necessary to reach the State's response that Appellant is not entitled to relief on a claim of illegal search and seizure of a suitcase where he wholly failed to establish that he had standing to object to the search. Nor is it necessary to reach the Appellant's reply that the State is estopped from raising standing or abandonment for the first time on appeal.

2. The Supreme Court determined in *Place* that "[g]iven the enforcement problems associated with the detection of narcotics trafficking and the minimal intrusion that a properly limited detention would entail", the Fourth Amendment does not prohibit "law enforcement authorities from temporarily detaining personal luggage for exposure to a trained narcotics detection dog on the

basis of reasonable suspicion that the luggage contains narcotics." 462 U.S. at 697–98, 103 S.Ct. at 2639.

3. The 10th Circuit held in *Garcia* that the "dog sniff of luggage in the train's baggage car without reasonable suspicion did not violate defendant's Fourth Amendment right to be free from unreasonable search and seizure." 42 F.3d at 606.

4. As noted in *Lovell*: "While we could hypothesize a 'prepping' process so violent, extreme and unreasonable in its execution as to cross the bounds of constitutional propriety, we are not confronted by such a process here." 849 F.2d at 913.

(Fla.App. 3 Dist.1983); *U.S. v. McDonald,* 855 F.Supp. 267 (S.D.Ind.1994).

Accordingly, we find Appellant has failed to demonstrate that an illegal search and seizure occurred in this case. This assignment of error is without merit.

Additionally, having carefully reviewed Appellant's second and third propositions of error, we find they have no merit. The Judgment and Sentence of the District Court of Oklahoma County, Case No. CF–95–1572, is **AFFIRMED.**

**IT IS SO ORDERED.**

/s/ Charles A. Johnson
CHARLES A. JOHNSON, Presiding Judge

/s/ Gary L. Lumpkin
GARY L. LUMPKIN, Judge

/s/ James F. Lane
JAMES F. LANE, Judge

/s/ Reta M. Strubhar
RETA M. STRUBHAR, Judge

CHAPEL, P.J., dissents.