**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 11 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

　　Plaintiff-Appellee,

v.

KENTASHA SHARRIE HOLLEY,

　　Defendant-Appellant.

No. 96-6388
(W.D. Okla.)
(D.Ct. No. 96-CR-127)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **BRORBY**, **EBEL** and **KELLY**, Circuit Judges.

_____

　　After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. _See_ Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

　　Kentasha Holley appeals the district court's denial of her motion to

---

　　[*] This order and judgment is not binding precedent except under the doctrines of law of the case, _res judicata_ and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

suppress evidence found subsequent to an allegedly illegal detention. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

After holding an evidentiary hearing, the district court found the following facts. On July 18, 1996, a bus originating in Los Angeles stopped at the Union Bus Station in Oklahoma City, Oklahoma. Ms. Holley and another passenger, Garrett Leon Fox, got off the bus, walked into the station together, and sat next to each other, stacking their bags one on top of the other. Drug interdiction detectives in the station took particular notice of Ms. Holley because she was wearing a jacket even though it was a warm summer day.

The detectives brought a drug detection dog into the station and began a systematic sweep of the public area. As the dog approached, Ms. Holley left her baggage and went to a restroom. The dog alerted to the two pieces of luggage, indicating the presence of narcotics. Two detectives, aware of the positive alert, confronted Ms. Holley as she left the restroom. One of the detectives identified herself to Ms. Holley and asked to speak with her. The detective told Ms. Holley she was not under arrest and she was free to leave. (The detective testified at the evidentiary hearing, however, that Ms. Holley would not have been allowed to leave because the dog had positively alerted to her baggage.) Ms. Holley agreed

to talk with the detective.

The detective informed Ms. Holley that the police dog had alerted to her baggage and asked if she was carrying any narcotics. Ms. Holley denied carrying any narcotics and agreed to a search of her bag. The search revealed no contraband. Ms. Holley then agreed to a search of her purse, which also failed to reveal narcotics. Finally, the detective asked Ms. Holley if she could perform a pat search of her and her clothing. Ms. Holley agreed to the pat search. This search turned up two packages of cocaine in a tight-fitting garment around Ms. Holley's waist. Ms. Holley then told the detective she had left two other packages of cocaine in the restroom.

Ms. Holley moved to suppress evidence obtained during the pat search, evidence seized from the trash can in the restroom, and incriminating statements she made after discovery of the cocaine, claiming they were the product of an illegal seizure of Ms. Holley. Following an evidentiary hearing, the district court denied Ms. Holley's motion, ruling probable cause existed for the searches and, alternatively, she voluntarily consented to the searches.

On appeal, Ms. Holley contends the district court erred in failing to find the

circumstances surrounding her initial contact with the police constituted an illegal seizure of her person.

When reviewing the denial of a motion to suppress, this court views the evidence in the light most favorable to the government. *See United States v. Austin*, 66 F.3d 1115, 1118 (10th Cir. 1995), *cert. denied*, 516 U.S. 1084 (1996). We accept the district court's factual findings unless they are clearly erroneous, and we review *de novo* the legal question of whether the government conducted an unconstitutional search or seizure. *Id.*

Ms. Holley argues all evidence derived from her encounter with the detectives should be suppressed because she was illegally detained by the members of the drug interdiction detail who met her outside of the restroom. Ms. Holley further argues her consent to the search of her person was improperly obtained because of her illegal detention and therefore the evidence seized as a result of the search should be suppressed. Because we find the detectives did not illegally detain Ms. Holley, we need not address this second argument.

In support of her contention she was illegally detained by the members of the drug interdiction detail, Ms. Holley raises four specific points: the initial

-4-

encounter was not in public; the dog did not alert specifically to her bag; she was not advised of her right to not answer questions; and she was outnumbered by detectives. These points go to the question of consent. Before we reach that question, however, we must determine if the district court was correct in ruling the detectives had probable cause for the search of Ms. Holley's luggage and person. If the detectives did have probable cause, the question of consent is irrelevant.

The district court concluded the detectives did not make any attempt to approach or detain Ms. Holley before the dog alerted to the luggage. The court determined the dog's positive alert to the odor of narcotics from Ms. Holley's luggage provided probable cause for the detectives' subsequent actions.

This Circuit has ruled "a drug sniffing dog's detection of contraband in luggage 'itself establish[es] probable cause, enough for the arrest, [and] more than enough for the stop.'" *United States v. Williams*, 726 F.2d 661, 663 (10th Cir.) (quoting *United States v. Waltzer*, 682 F.2d 370, 372 (2d Cir. 1982), *cert. denied*, 463 U.S. 1210 (1983)), *cert. denied*, 467 U.S. 1245 (1984); *see also, e.g., United States v. Klinginsmith*, 25 F.3d 1507, 1510 (10th Cir.) ("when the dog 'alerted,' there was probable cause to arrest [the defendants]"), *cert. denied*, 513

U.S. 1059 (1994); *United States v. Ludwig*, 10 F.3d 1523, 1527 (10th Cir. 1993) ("We therefore have held in several cases that a dog alert without more gave probable cause for searches and seizures."). "[I]f the use of the drug sniffing dog was proper, the dog's detection of drugs in defendant's suitcase constituted probable cause." *Williams*, 726 F.2d at 663. The district court correctly found the use of the drug sniffing dog to be proper,[1] so the detectives had probable cause to detain Ms. Holley and search her and her luggage.

To the limited extent she discusses probable cause, Ms. Holley attempts to distinguish this line of cases by claiming it was unclear whether the dog alerted to her or Mr. Fox's luggage. This argument assumes the dog did not alert to both pieces of luggage. The district court appears to have found the dog did, indeed, alert to Ms. Holley's luggage ("The dog's positive alert to the odor of narcotics from the Defendant's luggage ...." and "Prior to the dog's alert to the Defendant's luggage ...."). However, for purposes of this review, we will assume the dog alerted to only one of the two pieces of luggage.

---

[1] The exposure of luggage located in a public place to a drug-sniffing dog does not constitute a "search" within the meaning of the Fourth Amendment. *See United States v. Garcia*, 42 F.3d 604, 605 (10th Cir. 1994), *cert. denied*, 514 U.S. 1073 (1995).

"The Fourth Amendment probable cause standard deals with probabilities and common sense conclusions, not certainties." *United States v. Orr,* 864 F.2d 1505, 1508 (10th Cir. 1988) (citing *Illinois v. Gates*, 462 U.S. 213, 231 (1983)). "A 'fair probability' or a 'substantial basis' for believing evidence of a crime will be found at a certain location constitutes probable cause." *Id.* (citing *Gates*, 462 U.S. at 236).

Even if the detectives were uncertain about which piece of luggage caused the dog to alert, they still had enough information to determine to a "fair probability" that Ms. Holley was transporting narcotics: Ms. Holley was dressed unusually for a warm day in a bulky long-sleeved jacket; she left the area of her luggage once the drug sniffing dog appeared; she paced and acted nervously in the restroom; and the dog alerted to her luggage and that of her apparent traveling companion, Mr. Fox. The existence of two bags adds some doubt to the equation, but not much.[2] Given the circumstances of this case (and our obligation to view the facts in the light most favorable to the government), we are confident that

---

[2] Ms. Holley asks if the government would have probable cause to detain the owners of ten bags stacked together if a dog alerted to the stack. We do not have to decide that question. At some point, of course, the number of bags would be so great that probable cause would not exist. Today we only decide that two bags, under the circumstances of this case, is not too great a number.

dog's alert to the two bags does not undermine our general rule that dog alerts provide sufficient probable cause. *See Klinginsmith*, 25 F.3d at 1510 (finding dog alert to outside of car was probable cause for arrest of *both* occupants).

Ms. Holly also argues there was only probable cause to search her luggage, not her person. In support of this argument, she cites *United State v. Place*, 462 U.S. 696 (1983), where the Supreme Court noted that even when reasonable suspicion or probable cause exists to detain a bag for a drug sniff, the owner is technically free to leave. *Id.* at 708. That case, however, is inapposite. In it, the Supreme Court was considering whether the Fourth Amendment prohibits the detention of luggage for exposure to a narcotics detection dog on the basis of reasonable suspicion the luggage contains narcotics. *Id.* at 697-98. Our case, in contrast, does not deal with the events before luggage has been exposed to a narcotics detection dog, but rather it concerns the events *after* a dog has alerted to luggage. Consistent with the line of cases cited above, a dog alert gives probable cause for searches, seizures, and arrests.

Because the detectives had probable cause for their actions, we **AFFIRM**

the district court's denial of Ms. Holley's Motion to Suppress.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge