2000 OK CR 3

**Bradley Don CROWELL, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. M–98–1427.**

Court of Criminal Appeals of Oklahoma.

Jan. 21, 2000.

Rehearing Denied Feb. 24, 2000.

---

### ACCELERATED DOCKET ORDER

¶1 Appellant, represented by counsel, was convicted in a non-jury trial of Possession of Marijuana in Case No. CM–97–373 in the District Court of Bryan County. Appellant was sentenced to one (1) year, suspended. From this Judgment and Sentence, Appellant appeals.

¶2 On appeal Appellant raised five propositions of error, quoted below:

1. *Prouse v. Delaware, Brown v. Texas* and *Michigan v. Sitz,* read together establish at least 2 requirements for motorist roadblock-check point to be a reasonable seizure within the Fourth Amendment, which are that (1) there be advance warning, notice, publicity to the public re the block, (2) the conduct of the block be per plan or guideline formulated by other than officers in field conducting block;

2. The presence and indiscriminate use, without particularized evidence, of a drug dog at ostensibly a license-equip-

ment check point, is highly indicative that block is subterfuge-pretext seizure to attempt to detect drugs;

3. The court erred in excluding Appellant's exhibit, Defendant's exhibit 1;

4. Appellant's in custody statement was inadmissible for failure of record to show/or state to establish that it was preceded by proper advice and waiver of *Miranda* rights or that it was not product of custodial interrogation and further record shows that even if Appellant otherwise properly *Mirandized,* taint of illegality of *Sitz*/drug dog violations had not been attenuated due to contemporaneous time of violations and statement; and

5. Failure to account for whereabouts of and establish who had possession of and chain of custody of evidence for nine months rendered it inadmissible per insufficient predicate and thus State failed to prove each required element, specifically drug element, beyond a reasonable doubt.

¶3 Pursuant to Rule 11.2(A)(1), *Rules of the Oklahoma Court of Criminal Appeals,* Title 22, Ch.18, App. (1998) this appeal was automatically assigned to the Accelerated Docket of this Court. The propositions or issues were presented to this Court in oral argument November 4, 1999, pursuant to Rule 11.2(F). At the conclusion of oral argument, the matter was taken under advisement.

¶4 We affirm Appellant's conviction. On July 18, 1997, at approximately 7:00 p.m. Appellant was stopped at a safety checkpoint in Durant, Oklahoma. Appellant's DUI affidavit, serving as his temporary license to drive, was checked, as was his insurance verification. While State Trooper Mark Riffe was conducting the safety check, Officer Sonny Stewart of the Durant Police Department, certified to handle drug-sniffing canines for the State of Oklahoma, had his drug-sniffing dog Gay Bo sniff the outside of Appellant's vehicle. The dog alerted on Appellant's truck. At the same time, Trooper Riffe requested that Appellant pull his vehicle over to the side of the road and step out of it so he could be issued a warning citation

for failure to wear a seat belt. While the warning was being issued, Officer Stewart had the dog sniff the vehicle again, and upon the dog alerting a second time, the vehicle was searched. A baggy of marijuana was found in the vehicle, along with one rolled marijuana cigarette. Appellant was arrested and subsequently convicted of possession of marijuana.

¶5 We do not find, as Appellant claims, that the roadblock/checkpoint set up by the Durant Police Department, in this situation, was pretextual so as to make the search and seizure unconstitutional. There is no requirement, despite Appellant's claims to the contrary, that the State must notify the public of the roadblock, and conduct the roadblock according to a specified, written plan, in order for the roadblock/check point to be constitutionally valid. The roadblock was properly established and conducted according to all constitutionally required guidelines. All parties agree that the stated purpose of the checkpoint was to conduct a safety check and that safety checks were conducted. All vehicles proceeding through the checkpoint were stopped. It was established that most, if not all, of the vehicles stopped at the checkpoint were also sniffed [1], and that Appellant was not singled out by the officers to have his vehicle stopped and/or sniffed. Consistent testimony given at the suppression hearing and Appellant's trial established that Appellant was stopped at the checkpoint and was not wearing his seat belt, clearly a safety violation. There is no question that the officer was authorized to issue Appellant a warning citation for the violation.

¶6 In *U.S. v. Place,* 462 U.S. 696, 707, 103 S.Ct. 2637, 77 L.Ed.2d 110 (1983), the Supreme Court noted that a canine sniff of the exterior of personal property in a public location "is so limited both in the manner in which the information is obtained and in the content of the information revealed by the procedure" that it does not constitute a "search" within the meaning of the Fourth Amendment. Appellant has not shown that, during a stop for a legitimate safety check,

the use of the drug-sniffing dog that located marijuana in his vehicle constituted an unreasonable search and seizure as contemplated by the Fourth Amendment, and the United States and Oklahoma Constitutions. Furthermore, we find no evidence in the record to support Appellant's claim that the checkpoint was a subterfuge for conducting a drug search of the vehicles that passed through the checkpoint. The presence of the drug-sniffing dog alone is insufficient to support that claim.

¶7 **IT IS THEREFORE THE ORDER OF THIS COURT,** by a three (3) to two (2) vote, that Appellant's conviction in Case No. CM–97–373 in the District Court of Bryan County is **AFFIRMED.**

¶8 **IT IS SO ORDERED.**

¶9 **WITNESS OUR HANDS AND THE SEAL OF THIS COURT** this 21st day of January, 2000.

/s/ Reta M. Strubhar, dissenting
RETA M. STRUBHAR, Presiding Judge

/s/ Gary L. Lumpkin
GARY L. LUMPKIN, Vice Presiding Judge

/s/ Charles A. Johnson
CHARLES A. JOHNSON, Judge

/s/ Charles S. Chapel, dissenting
CHARLES S. CHAPEL, Judge

/s/ Steve Lile
STEVE LILE, Judge

CHAPEL, Judge, Dissenting:

¶1 I dissent. The roadblock here was purely a pretext designed to allow the Durant Police Department to search vehicles for drugs. The evidence showed the drug-sniffing dog sniffed every vehicle it could. These sniffs cannot be justified on safety grounds because there is no legitimate claim that this activity relates in any way to safety. Safety stops are intended to make sure every driver has a current license, tags and insurance, is wearing a seat belt, and is not under the influence or otherwise a danger on the roads. During a safety stop, officers may observe

---

1. Since there was only one dog present and two sets of officers checking vehicles, the dog, alternating between the officers stopping vehicles, sniffed every vehicle it was able to approach during the duration of the stops.

whether a driver appears to be under the influence of alcohol or drugs, whether the car smells of drugs, or whether any paraphernalia or drugs are visible. If officers need to use a drug-sniffing dog to find hidden drugs, then those drugs aren't posing a safety hazard.

¶2 Use of a drug-sniffing dog may not, in itself, constitute a "search" under the Fourth Amendment. However, these circumstances are completely unlike those in *United States v. Place,* and even that case required officers have reasonable suspicion before subjecting travelers' luggage to a dog sniff.[1] The Court here upholds a gross and unwarranted intrusion into motorists' privacy, with no reasonable suspicion, because officers went through the motions of a safety check while conducting drug searches. We have no way of knowing how many innocent motorists were delayed, inconvenienced and embarrassed when they encountered the drug-sniffing dog. The Court apparently relies on the officers' lack of reasonable suspicion to justify the search—police just happened to have a drug-sniffing dog there during a routine safety roadblock—but that lack is precisely what makes this stop pretextual. Officers used a legal justification—the safety check—to search vehicles for evidence of unrelated, more serious crimes for which they had no reasonable suspicion.[2] This Court should protect innocent citizens from unreasonable warrantless searches.[3]

¶3 I am authorized to say that Presiding Judge Strubhar joins in this dissent.

---

1. 462 U.S. 696, 103 S.Ct. 2637, 77 L.Ed.2d 110 (1983).

2. *United States v. Huguenin,* 154 F.3d 547, 559 n. 10 (6th Cir.1998); *U.S. v. Morales–Zamora,* 974 F.2d 149, 152 (10th Cir.1992).

3. See *Sampson v. State,* No. 96–1185 (Sept. 11, 1997, not for publication) (Chapel, J., dissenting); *Scott v. State,* 927 P.2d 1066 (Okl.Cr.1996) (Chapel, J., dissent).